(165 App. Div. 743)

### GREEN et al. v. HORN.   (No. 313/35.)

(Supreme Court, Appellate Division, Third Department.   January 6, 1915.)

1. ADVERSE POSSESSION (§ 19*)—REQUISITES—"INCLOSURE"—STATUTE.

Under Code Civ. Proc. § 372, providing that, as to one claiming title not founded upon a written instrument or judgment lien, land is possessed and occupied where it has been protected by a substantial inclosure, the construction of a building on a lot is an "inclosure" of the ground on which it stands.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 99–105; Dec. Dig. § 19.*]

2. ADVERSE POSSESSION (§ 20*)—REQUISITES—"USE"—"OCCUPATION"—"IM-PROVEMENT"—STATUTE.

Under Code Civ. Proc. § 372, providing that as to one claiming title not founded upon a written instrument or a judgment lien, land is possessed and occupied where it has been usually improved, the construction of a building on a lot is a "use," "occupation," and "improvement" of the ground on which it stands.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 106–108; Dec. Dig. § 20.*

For other definitions, see Words and Phrases, First and Second Series, Occupancy; Improvement; Use.]

3. ADVERSE POSSESSION (§ 115*)—QUESTION FOR JURY—IMPROVEMENT.

Whether a building on a lot was so situated that it was an occupation of the whole lot was a question for the jury.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 314, 691–701; Dec. Dig. § 115.*]

4. TRIAL (§ 295*)—INSTRUCTIONS—CONSTRUCTION AS A WHOLE.

Where the court, in ejectment, properly charged, on the issue of adverse possession, that the construction of a building was an occupation of the lot, within the meaning of Code Civ. Proc. § 372, and left the question as to whether it was an occupation and improvement of the whole lot to the jury, and refused to charge that the construction of the building upon the lot was an occupation and improvement, the charge as a whole was not reversible error, even though it might have been better to have given the charge as requested, with proper explanations.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. Dig. § 295.*]

Appeal from Trial Term, Warren County.

Ejectment by James Green and others against Charles F. W. Horn. From a judgment for plaintiffs, and an order denying a new trial, defendant appeals.   Judgment and order affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

H. Prior King, of Glens Falls (James McPhillips, of Glens Falls, of counsel), for appellant.

Jenkins & Barker, of Glens Falls (J. A. Kellogg, of Glens Falls, of counsel), for respondents.

PER CURIAM.   In this case there have been five trials and five appeals to this court, with one appeal to the Court of Appeals.   The property has but little value—probably the costs outvalue it several times.   There should be an end to the litigation, unless some error

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

has been committed which requires a reversal. The facts have been examined, and, while a different conclusion might properly have been arrived at, we do not favor a reversal of the judgment on the ground that the verdict is against the evidence. There is, therefore, but one question requiring consideration. .

The action was for ejectment, and the former litigation in this case had settled the fact that the plaintiffs have the record title and that the defense must rest upon adverse possession by a person claiming title not founded upon a written instrument. Under section 372 of the Code of Civil Procedure defendant must show that the land has been protected by a substantial inclosure, or that it has been usually cultivated or improved by him or those to whose rights he has succeeded. His evidence tended to show an inclosure of the premises in dispute by a fence since 1885; that in 1888 a cellar was dug, and two or three years thereafter the old building, called the Waldorf, was moved upon the cellar, covering a great part of the lot; and that it still remains there, and has been occupied by his tenants or by himself for storage purposes. The plaintiffs' witnesses, familiar with the lot, in substance deny that it was fenced. The premises have not been cultivated, nor otherwise improved; but the defendant's live stock has pastured upon it.

The charge showed the necessity of proof that since 1885 to the commencement of the action the premises had been actually inclosed or cultivated and improved. It referred to the fences, and then referred to the erection of the building called the Waldorf upon the lot; that the digging of the cellar in 1888 was important; that it must appear that there was no substantial break in the fence, but that the defendant occupied the property in the ordinary way that such property is used; that after the erection of the Waldorf it was claimed by the plaintiffs that for many years there was no front fence, while the defendant contended that that fence remained; that the fence must have substantially remained down to 1905, "or, as contended by the defendant, if he occupied it and claimed it adversely by reason of the possession which he asserts here, that the possession must, have commenced in 1885 and continued, and that such possession must have been notorious. * * * These matters, as to the building and the fence, and as to the occupation that the defendant asserts, are matters of substance in the action."

[1-4] The plaintiffs' counsel asked the court to charge that there was no evidence of the tillage or cultivation of the lot in dispute for 20 years prior to the commencement of the action. The court replied:

"I remember nothing in the way of evidence of cultivation or occupation in the way of tillage, or of using it as farm land; but the jurors will recollect the evidence. Of course, if the defendant occupied it, by constructing a building upon it and occupying the building, that would be an occupation."

The defendant requested the court to charge:

"That if the jury find that the defendant entered into possession of the property in dispute by building a fence around it in the year 1882, and continued to inclose that land by the fence then constructed, or subsequent fences, up to the time of the building of the cellar and the house on there, that that was an inclosure and occupancy within the meaning of the statute.

"The Court: If the jury should find these facts, then they may find that the defendant has held the property adversely against the plaintiff. Otherwise, I decline to charge. (Defendant excepted.)"

The court charged that the defendant was entitled to the benefit of his acts prior to 1885, but that it was only important to show that the acts of ownership commenced in 1885. Defendant's counsel made the following request:

"To charge that the construction of the building upon this lot was a user, improvement, and occupation thereof.

"The Court: The jury may consider that fact.

"Defendant's Counsel: I except to the refusal to charge as requested.

"The Court: It is for the jury to say whether, under all the circumstances of this case, it was an occupation or not."

This charge was not excepted to. It is now urged as ground for reversal that the court did not charge that the construction of a building upon the lot was a user, improvement, or occupation, but simply gave the jury permission so to find if it thought proper, and that it therefore gave them permission to disregard the fact. We do not think that is the proper meaning of the charge. The court had already charged that the construction of a building and the occupation of it was an occupation of the lot within the meaning of the statute. It clearly was a user, improvement, and occupation of the ground upon which the building stood. It was also an inclosure of such ground. Whether it was a user, occupation, and improvement of the whole lot was left by the court to the jury to determine. As a matter of law the defendant was entitled to the charge, so far as it related to the part actually occupied by the building; but whether the building was so situated upon the lot that it was an occupation of the whole lot was a question of fact, which was properly left to the jury. Perhaps it would have been better if the court had made the charge as requested, with proper explanations, or if the defendant's counsel had made the request with reference to the ground occupied by the building, and asked proper explanations as to the remainder of the lot. Taking the charge as a whole, we think that no substantial error was committed which calls for a reversal of the judgment.

The judgment and order should therefore be affirmed, with costs.

WOODWARD, J. (concurring). I do not share in the doubts expressed in the opinion. The case has been tried too often to be reversed because of the weight of evidence. Moreover, the defendant had all the best of the instructions of the court, and the jury have found against him. The provisions of section 372 of the Code of Civil Procedure do not, as assumed in this case, constitute the foundation of adverse possession. They merely go to the question of what may have been possessed—to the quantity of the possession, and not to the quality. The language is that:

For "the purpose of constituting an adverse possession, by a person claiming title, not founded upon a written instrument, or a judgment or decree, land is deemed to have been possessed and occupied in either of the following cases, and no others: 1. Where it has been protected by a substantial inclosure. 2. Where it has been usually cultivated or improved."

Obviously this does not provide that the mere fencing of land by a party constitutes adverse possession. The presumption of law is in favor of possession in subordination to the title of the true owner (Hammond v. Zehner, 21 N. Y. 118, 120; Sanders v. Riedinger, 30 App. Div. 277, 281, 51 N. Y. Supp. 937, affirmed 164 N Y. 564, 58 N. E. 1092, and the mere construction of a fence by one in possession as tenant for life or at will would not lay the foundation for adverse possession. Where the claim is of adverse possession, in the absence of all paper title, the entry must be in hostility to the true owner, and, as Mr. Justice Story says, in Ricard v. Williams, 7 Wheat. 107, 5 L. Ed. 398:

"The law will never construe a possession tortious, unless from necessity. On the other hand, it will consider every possession lawful, the commencement and continuance of which is not proved to be wrongful. And this upon the plain principle that every man shall be presumed to act in obedience to his duty until the contrary appears. When, therefore, a naked possession is in proof, unaccompanied by evidence as to its origin, it will be deemed lawful, and coextensive with the right set up by the party. * * * If it were intended to be argued that he had a fee in the premises, it should have been established by competent proof that he was in possession, claiming in fee by right or by wrong."

So, in the case here under consideration, it is not enough to show the erection of a fence in 1885. It should be shown that the fence was erected under a then existing claim of fee, in hostility to the conceded paper title in the plaintiff. The mere erection of the fence proves nothing except the extent of the possession. How the defendant came into that possession does not appear, and without such evidence there is no foundation for his defense of adverse possession. For all that appears, the defendant may have been a tenant by the year or at will, and so the construction of the fence would not be adverse, but in subordination of the plaintiff's title.

I concur in affirmance of the judgment.