WALSH's INC., Appellant, *v.* COUNTY OF OSWEGO et al., Respondents, et al., Defendant.

Fourth Department, December 23, 1959.

*Rice & Auser* (*Wallace Van C. Auser* of counsel), for appellant.

*Charles Sauers* for County of Oswego, respondent.

*Louis J. Lefkowitz, Attorney-General* (*David Belkin, Paxton Blair* and *Edward R. Amend* of counsel), for the People of the State of New York, respondent.

*Per Curiam.* Plaintiff commenced this article 15 proceeding to determine its claim to one and one-tenth acres of real property in Oswego County. The controversy arose as a result of an alleged purchase of 2.14 acres from plaintiff's predecessors in title, of which the property in question is a part, by Oswego County in 1932 for State highway purposes. The property is triangular shaped, lying between two highways, one known as the old Fulton-Hannibal Road and the other as the new Fulton-Hannibal Road. In 1932 Superintendent of Public Works determined that the old road should be straightened at a point in front of plaintiff's property, then owned by one Hall. In order to accomplish this purpose, the county proceeded to secure an option for 2.14 acres. It is conceded that if a written option ever existed it had been lost and no record of an option appeared anywhere except perhaps in the office of the Board of Supervisors, from which a check was produced indicating payment for the alleged option.

Both defendant, the People of the State of New York, and the court in its decision, refer to the statute which controlled acquisition of property for State highways, as it existed in 1932, as section 30 of the Highway Law. It is clear that the proper section was section 148 of chapter 30 of the Laws of 1909, as amended, which is presently known as section 30. The current section 30 specifically requires recording by the county and State under subdivisions 10 and 11, but section 148, as it existed in 1932, had no such provision.

In denying plaintiff's claim of title, the court laid great stress upon two findings; first that the deed executed in 1937, and subsequent deeds by which plaintiff acquired title, are so '' vague and ambiguous '' as to deny them the protection of the recording statutes. The discrepancy referred to as the basis for this finding is the difference in description of acreage between various deeds and a Home Owners Loan Corporation mortgage. The court held that this discrepancy in description should have put plaintiff on notice that title to the triangular shaped portion of the property was in doubt, notwithstanding the fact that the deed to plaintiff's officers, as individuals, in 1946 specifically by description conveyed the land in question to the Walshs. The court further found that the difference in descriptions prevented plaintiff from becoming a bona fide purchaser.

The principal question upon which this proceeding must turn is whether the State, by reason of the 1932 option, has held title since that time as proprietor or sovereign. The distinction between lands held by the State as sovereign and those

held as proprietor was drawn in *People* v. *Baldwin* (197 App. Div. 285, affd. 233 N. Y. 672). The court said at page 288: " There is a well-recognized distinction between lands held by the State as sovereign in trust for the public and lands held as proprietor only, for the purpose of ' sale or other disposition ' * * * such lands only as the State holds as a proprietor may be lost to the State; it cannot lose such lands as it holds for the public, in trust for a public purpose, as highways, public streams, canals, public fair grounds. (*Burbank* v. *Fay,* 65 N. Y. 57; 2 C. J. 213, 214, 215.) " The same distinction was made in *Hinkley* v. *State of New York* (234 N. Y. 309). If the State has held the property as sovereign, it was not required to record its title in 1932 in order to prevent plaintiff from obtaining superior title by being a bona fide purchaser for value in 1946 and recording the deed. If the State held the property as proprietor, then like any other owner it was subject to the provisions of section 291 of the Real Property Law, which requires recording of title. The trial court properly held that the payment of taxes assessed against the property by the plaintiff was not determinative of title, although such payment certainly should show plaintiff's good faith. (*City of Mt. Vernon* v. *New York, New Haven & Hartford R. R. Co.,* 232 N. Y. 309, 319; *People* v. *Foote,* 141 Misc. 409, 411–412; 1935 Atty. Gen. 287, 288.)

We cannot, by reason of the insufficiency of proof in the record, determine the character or nature of the holding by the State. Additional proof with reference to the physical characteristics of the parcel and the manner in which the State dealt with it over the years is required before the question of title can be determined. We, therefore, are sending this back to the County Court for a new trial so that all of the parties may have an opportunity to present all available proof to determine this question.

All concur. Present — McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.

Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.