■ EMMA B. DURAND, Appellant, v. CARL C. LEIGH et al., Respondents.—

Certain findings of fact and conclusions of law disapproved and reversed and new findings made. Memorandum: The finding by the trial court that the use of the lane across the plaintiff's property by the defendants was adverse was not supported by the evidence. The evidence established that the user had originated in permission given by the plaintiff's predecessor in title to the defendants' predecessor in title. "If permissive in its inception, such permissive character will continue of the same nature, and no adverse user can arise until there is a distinct and positive assertion of a right hostile to the owner, and brought home to him" (*Moore* v. *Day*, 199 App. Div. 76, 86, affd. 235 N. Y. 554; see generally, 2 N. Y. Jur., Adverse Possession, § 12). There is no proof in this case that the user, originally permissive, later became hostile by virtue of any "distinct and positive assertion". The conclusion of the trial court that the defendants had acquired a right of way by prescription must accordingly be reversed. The plaintiff is entitled to an injunction against the defendants' use of the lane. (Appeal from judgment of Monroe Equity Term dismissing plaintiff's complaint in an action to recover damages for trespass.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.