Jacob J. Schwartzwald, J.
In this action instituted pursuant to article 15 of the Beal Property Law to establish an easement by prescription in favor of the plaintiffs against the defendant, the City of New York, plaintiffs move for summary judgment. Defendant cross-moves to dismiss the complaint and for like relief.
The following facts, which are undisputed, establish that in 1935 plaintiffs ’ predecessor in title constructed a garage in the rear of her premises. At that time she had a 3-feet 10-inch-wide strip along the easterly side of her building. The premises of the defendant, which adjoins plaintiffs’ parcel, was deeded for police station purposes by various conveyances to the City of New York and have been utilized exclusively for such purpose since 1894.
The distance from the westerly side of the building standing on the city’s land to the plaintiffs’ lot line is about 10 feet 5 inches, consisting of a dirt area used by the city, among other things, for driving cars to the rear of its building. None of the conveyances to either party provided for any easement to the other and plaintiffs’ predecessor could not use her garage unless part of the city’s land was used for egress and ingress.
It is apparent that plaintiffs and their predecessor have openly used a portion of the city’s land for the purpose of gaining access from the garage to the roadway. There is no dispute that this was done without the consent of the city and without interruption for the past 27 years. The city now disputes the plaintiffs’ right to use any part of their premises as part of a driveway. Plaintiffs, on the other hand, claim an easement for ingress and egress for their vehicles over the westerly three feet six inches of the city’s land to and from their garage by reason of their adverse user.
It is axiomatic that a municipality may hold property in its corporate capacity either in a proprietary sense or solely for public use and whether it can devote any part of its property for private use depends entirely upon the capacity in which it holds title (People ex rel. Swan v. Doxsee, 136 App. Div. 400, affd. 198 N. Y. 605).
Section 383 of the New York City Charter, in referring to inalienable property, reads as follows: “ The rights of the city in and to its water front * * * docks * * * streets *582 # * * parks * * * and all other public places are hereby declared to be inalienable.” (Emphasis supplied.) The general rule relating to the use of property owned by a municipality as laid down in Meriwether v. Garrett (102 U. S. 472, 513) is as follows: “In its streets, wharves, cemeteries * * * and other public buildings [emphasis supplied], the corporation has no proprietary rights distinct from the trust for the public. It holds them for public use, and to no other use can they be appropriated without special legislative sanction. It would be a perversion of that trust to apply them to other uses.” (See, also, American Dock Co. v. City of New York, 174 Misc. 813, affd. 261 App. Div. 1063, affd. 286 N. Y. 658.)
In erecting, maintaining and managing jails, workhouses and police stations the municipality is exercising a purely governmental function (18 McQuillin, Municipal Corporations [3d ed.], § 53.94; Wilcox v. City of Rochester, 190 N. Y. 137).
Under the circumstances, the doctrine of prescriptive right cannot be asserted by the plaintiffs against property affected with a public interest or dedicated to public use (Town of Vienna v. State of New York, 203 Misc. 1053; Driggs v. Phillips, 103 N. Y. 77) even though such user continued for more than 15 years. It cannot destroy the public right or take away the authority of the public officers to remove or abate such use (St. Vincent Orphan Asylum v. City of Troy, 76 N. Y. 108).
Where no express grant can be allowed (except by act of legislation) the law will not resort to the fiction of an implied grant so as to create a prescriptive right to others as against such property (Matter of City of New York [Piers Old Nos. 8-11], 228 N. Y. 140).
At best, the plaintiffs and their predecessor obtained a license revocable at will. While the court is sympathetic with the plight of the plaintiffs, they cannot be heard to complain as they were aware of their rights or lack of rights when the property was purchased.
Accordingly, plaintiffs’ motion is denied and defendant’s cross motion granted.