■ EUGENE G. LUTZ, as Guardian ad Litem of CHARLES LUTZ, an Infant, Respondent, v. JOSEPH D. VAN VALKENBURGH, Appellant. (Action No. 1.) In the Matter of JOSEPH VAN VALKENBURGH, Appellant, v. CHARLES LUTZ et al., Respondents. (Action No. 2.) JOSEPH D. VAN VALKENBURGH, Appellant, v. EUGENE LUTZ et al., Respondents. (Action No. 3.) — In a consolidated action to declare plaintiff Charles Lutz (in Action No. 1) to be vested with unincumbered title in fee to certain real property in the City of Yonkers, for recovery by petitioner Van Valkenburgh (in Action No. 2) of possession of said property and to compel the removal of certain encroachments on the property (Action No. 3), said Van Valkenburgh appeals from a judgment of the Supreme Court, Westchester County, entered November 23, 1965, which *inter alia* awarded judgment to the plaintiff in Action No. 1 and dismissed the petition in Action No. 2 and the complaint in Action No. 3. Judgment reversed, except as to the fee awarded to the special guardian ad litem of Charles Lutz, on the law and the facts, with $50 costs; complaint in Action No. 1 dismissed; petition in Action No. 2 granted; and the relief demanded in the complaint in Action No. 3 granted. Findings of fact which are inconsistent herewith are reversed and new findings are made as indicated herein. On the trial it was stipulated that the sole remaining issue was one of adverse possession by the plaintiff in Action No. 1. In *Van Valkenburgh* v. *Lutz* (304 N. Y. 95), the issue of whether William Lutz, Charles Lutz's predecessor in claim to the subject property, had acquired title to the property by adverse possession was before the court. The same period of time was involved in both cases. The witnesses in both cases were the same, except for Charles Lutz and the fact that the prior-case testimony of three since-deceased witnesses was read into evidence in this case. The testimony offered in both trials was virtually identical. The Court of Appeals held that William Lutz did not establish his right to title by adverse possession. The same testimony fails to establish title by adverse possession in Charles Lutz. The applicable statute (former Civ. Prac. Act, §§ 37–40, now Real Property Actions and Proceedings Law, §§ 511, 512, 521, 522) provides that occupation must be under a claim of title. While the record is replete with instances where Charles Lutz has stated that the premises were owned by persons other than himself, there is no claim by him, even in his own testimony, that he owned the property or made claim thereto. This constitutes a fatal defect (*Doherty* v. *Matsell*, 119 N. Y. 646). Beldock, P. J., Ughetta, Brennan, Rabin and Hopkins, JJ., concur.

■ BARBARA MARANS, Respondent, v. LEONARD MARANS, Appellant.— Order of the Supreme Court, Queens County, dated April 29, 1966, modified by (1) striking out the provisions directing defendant to pay temporary alimony and counsel fees and (2) providing that plaintiff's motion is denied as to temporary alimony and that her application for allowance and fixation of counsel fees is referred to the trial court for determination. As so modified, order affirmed, without costs. It appears there exists a subsisting separation agreement, the validity of which cannot be determined on conflictnig affidavits (*Brock* v. *Brock*, 1 A D 2d 973, and cases there cited). Until such agreement is set aside, temporary alimony and counsel fees for the wife may not be awarded (*Kulok* v. *Kulok*, 20 A D 2d 568). Beldock, P. J., Ughetta, Christ, Rabin and Munder, JJ., concur.