LEON E. LEWIS et al., Respondents, v VILLAGE OF LYONS et al., Appellants.

Fourth Department, December 10, 1976

*Donald L. Crowley* for County of Wayne, appellant.

*Anthony J. Villani* for Village of Lyons, appellant.

*C. Burton Newman, pro se,* for respondents.

DILLON, J. Claiming title by adverse possession of defendants' lands for more than the statutory period (Real Property Actions and Proceedings Law, § 511), but not founded upon a written instrument (Real Property Actions and Proceedings Law, §§ 521, 522), plaintiffs proceed under article 15 of the Real Property Actions and Proceedings Law to secure title to a 14-foot strip of land owned by Wayne County, subject to a Village of Lyons right of way, and upon a part of which stands the rear portion of a building which plaintiffs purchased in 1955. The balance of the strip includes a portion of a parking lot constructed by plaintiffs in 1955 to service tenants and other users of the building. Plaintiffs also seek title to land owned by the Village of Lyons situate to the rear of plaintiffs' building and upon which the remainder of the parking lot is constructed. The quadrangular parcel in dispute measures 43.88 feet on the south; 52.60 feet on the west; 36.80 feet on the north; and approximately 50 feet plus on the east. The easterly or rear boundary of the disputed parcel runs along paved village property which, while not a public street, was characterized at trial as a "thoroughfare" servicing village parking facilities.

After acquiring premises commonly known as 10-12 William Street in the Village of Lyons, Wayne County, plaintiffs remodeled the interior of the building thereon for use as professional offices and for other commercial purposes. The exterior dimensions of the building remained unchanged. Additionally, an area across the rear of the building and extending easterly 35 feet on the north and 30 feet on the south, and running to the village "thoroughfare" was black-topped by plaintiffs and used by them and other occupants of the building, and their clients and customers, as a parking lot. Plaintiffs claim that when others of the public parked their vehicles in the area, they were asked by plaintiffs to remove their vehicles or notes were affixed thereon asking their removal.

Plaintiffs acknowledge that the description of the property in their deed conforms with the defendant municipalities' descriptions of property lines. They contend, however, that their claim of right stems from their mistaken belief that the property they purchased extended to a depth which included all of the building known as 10-12 William Street and to the rear of the building to a catch basin located approximately midway along the northerly line of the disputed parcel. While the plaintiffs have provided snow removal from the blacktop-ped area since 1955, employees of the village have periodically entered upon the area for the purpose of servicing and maintaining the catch basin.

The concept of acquiring title to realty by adverse posses-sion derives historically from the common law, and its neces-sary effect is to extinguish the real owner's title and make absolute the wrongful possessor's (*Brand v Prince,* 35 NY2d 634). While the defendants maintain that this municipal land is not subject to a claim of adverse possession, it is well settled that where lands are held by a municipality in its proprietary capacity, as distinguished from its governmental capacity, there is no immunity from adverse possession (*Long Is. Land Research Bur. v Town of Hempstead,* 203 Misc 619, 626, affd 283 App Div 663, affd 308 NY 818; cf. *Walsh's Inc. v County of Oswego,* 9 AD2d 393). "There is a well-recognized distinction between lands held by the State as sovereign in trust for the public and lands held as proprietor only, for the purpose of 'sale or other disposition' * * * such lands only as the State holds as a proprietor may be lost to the State; it cannot lose such lands as it holds for the public, in trust for a public

purpose, as highways, public streams, canals, public fair grounds. *(Burbank v Fay,* 65 N.Y. 57; 2 C.J. 213, 214, 215.)" *(People v Baldwin,* 197 App Div 285, 288, affd 233 NY 672; *Walsh's Inc. v County of Oswego, supra,* p 395.)

A portion of the land now claimed by plaintiffs is part of a larger parcel obtained by the defendant village from the defendant county prior to plaintiffs' purchase of 10-12 William Street. Although the record fails to disclose a specific proposed use of the disputed parcel by either of the defendants, there was testimony at trial concerning three conveyances to private individuals of other parcels of the land so obtained by the village from the county. Even assuming that the present plan of the defendant is to use the disputed parcel for additional village parking, the evidence of such conveyances is sufficient to establish its alienability and thus render it susceptible to adverse possession (cf. *Long Is. Land Research Bur. v Town of Hempstead, supra;* cf. also *City of New York v Wilson & Co.,* 278 NY 86, 97).

To sustain their claim, plaintiffs must show actual possession of the property adverse to the true owner for the statutory period. "In qualifying the character of the possession required at common law, it is usually said that it must be hostile and under claim of right, actual, open and notorious, exclusive and continuous. (E. g., *Belotti v. Bickhardt,* 228 N.Y. 296, 302.) Reduced to its essentials, this means nothing more than that there must be possession in fact of a type that would give the owner a cause of action in ejectment against the occupier throughout the prescriptive period." *(Brand v Prince,* 35 NY2d 634, 636.) Moreover, since their claim of title is not based upon a written instrument, plaintiffs must show that the occupied parcel "has been usually cultivated or improved" or "has been protected by a substantial inclosure" (Real Property Actions and Proceedings Law, § 522).

As to that portion of plaintiffs' building which encroaches upon the defendant county's 14-foot strip of land, it is undisputed in the evidence that at the time of plaintiffs' purchase there was an "intent to convey and hold the whole building" and in such circumstances title to the land so encroached may be lost by adverse possession *(Belotti v Bickhardt, supra,* p 308; see, also, *Green v Horn,* 165 App Div 743, affd 222 NY 568; *Eggler v New York Cent. RR Co.,* 207 App Div 120; see, generally "Adverse Possession Based on Encroachment of Building or Other Structure", Ann 2 ALR3d 1005). The struc-

ture was erected in 1923 and has since been fully and continuously used and occupied by either plaintiffs, since 1955, or their predecessors prior thereto. That plaintiffs intended to purchase and the sellers intended to convey the entire building cannot seriously be questioned. Having established all of the essential common-law and statutory requirements, we find that title to the land upon which the building encroaches has vested in plaintiffs.

Nor is there any contravention of plaintiff Newman's testimony that plaintiffs, under the mistaken belief of ownership, have used and occupied so much of the blacktopped parking area to the rear of the building as extends to the catch basin. In constructing, maintaining and actually, openly and exclusively using and occupying this part of the disputed parcel as a parking lot continuously for more than the prescriptive period, plaintiffs have here also satisfied their burden of proof and established their title *(West v Tilley,* 33 AD2d 228, mot for lv to app den 27 NY2d 481; *Bradt v Giovannone,* 35 AD2d 322).

However, as to the remaining portion of the blacktopped parking lot extending from the catch basin easterly to the "thoroughfare", while the plaintiffs have satisfied all of the other common-law and statutory prerequisites, they have failed to establish that their possession was under a claim of title. "The mere possession of land without any claim of right, no matter how long it may be continued, gives no title" *(Schoenfeld v Chapman,* 280 App Div 464, 466, app dsmd 305 NY 698; *Lutz v Van Valkenburgh,* 27 AD2d 735, affd 21 NY2d 937). Despite plaintiffs' improvement and actual use and occupation of land beyond the catch basin, their acknowledgment of lack of ownership deprives them of any prescriptive right. Thus it was error for the trial court to find that plaintiffs had established title by adverse possession to any land east of the catch basin.

Defendants also urge that plaintiffs should be estopped from their claim of adverse possession because of plaintiff Newman's employment as Village Attorney of the Village of Lyons. We note without elaboration that the potential for a conflict of interest is readily apparent in such circumstances. Indeed, any evidence of a knowing conflict would compel a contrary result, if not additional proceedings. It appears, however, that plaintiff Newman, until 1974, had no knowledge of the record ownership by either of the defendants of the

disputed parcel, at least to the catch basin as earlier recited. On that basis, we find defendants' argument without merit.

Finally, defendants contest the trial court's award of additional costs under CPLR 8302 based upon the value of the property which was the subject of plaintiffs' claim. While plaintiffs are entitled to such costs "as of right", the record is void of any proof of value upon which to base such an award. We conclude, therefore, that the additional allowance of $145 should be stricken from the bill of costs. Otherwise, we find no basis for disturbing the trial court's assessment of costs and the apportionment thereof between the defendants.

Accordingly, the final decretal paragraph of the judgment appealed from should be stricken and the second decretal paragraph thereof should be modified as follows:

"Parcel No. 2

"Commencing at the northeast corner of plaintiffs' office building; thence S 66° 18' E, to the west edge of a catch basin lying upon such line; thence southerly on a line parallel with the easterly wall of said building to a point where the southerly line of said building extended easterly intersects; thence N 66° 33' 40" W, to the southeast corner of said building; thence northerly along the easterly wall of said building to the point and place of beginning." and as modified, the judgment should be affirmed.

MOULE, J. P., CARDAMONE, and MAHONEY, JJ., concur; SIMONS, J., not participating.

Judgment unanimously modified in accordance with opinion by DILLON, J., and as modified affirmed, without costs.