◼     FLORENCE CARRINGTON et al., Respondents, v LINDA McNEIL et al., Appellants.—Appeal from a judgment of the Warren County Court in favor of plaintiffs, entered August 27, 1976, upon a decision of the court at a Trial Term, without a jury. The defendants appeal from a judgment, in a proceeding pursuant to article 15 of the Real Property Actions and Proceedings Law, which declared that plaintiffs had absolute and unencumbered title in fee to certain real property in the Town of Warrensburg, Warren County, New York. In 1940 Lucy A. Latham, the owner of the disputed parcel for some period of time prior thereto, entered into a contract with Warren County to sell the property for $2,000, payable as follows: $800 upon the execution of the agreement; $600 on November 1, 1941 and $600 on November 1, 1942, with the county to pay all taxes and to have possession of the premises during the contract period. A deed from Lucy A. Latham to the county was not produced at the trial. From 1940 until the early 1950's, a portion of the property was used by the county as a quarry. Equipment and machinery were stored there from 1940 until the mid 1960's. The property was also fenced, although it is unclear what portion of it was so enclosed. The estate tax return filed by the executor of the estate of Lucy A. Latham, who died testate in 1957, does not list the subject property as part of the gross estate. From 1941 to 1972 the property was assessed in the name of Warren County and was exempt from county and town taxes. In 1972 Warren County sold the property to plaintiffs, who thereafter paid the taxes. The defendants are distributees of Frederick W. Latham, to whom Lucy A. Latham devised all of her real property. The trial court concluded that Warren County had acquired title by adverse possession and that title, therefore, had passed to plaintiffs by the 1972 conveyance. We agree. Section 511 of the Real Property Actions and Proceedings Law provides: "Where the occupant or those under whom he claims entered into the possession of the premises under claim of title, exclusive of any right, founding the claim upon a written instrument, as being a conveyance of the premises in question * * * and there has been a continued occupation and possession of the premises included in the instrument * * * *or of some part thereof,* for ten years, under the same claim, the premises so included are deemed to have been held adversely". (Emphasis supplied.) Section 512 of the Real Property Actions and Proceedings Law provides: "For the purpose of constituting an adverse possession by a person claiming a title founded upon a written instrument * * * land is deemed to have been possessed and occupied in either of the following cases: * * * 2. Where it has been protected by a substantial inclosure". Since the claimed adverse possession herein began prior to September 1, 1963, the former 15-year-period must be applied rather than the 10-year-period contained in section 511 of the Real Property Actions and Proceedings Law *(Reiter v Landon Homes,* 31 AD2d 538). Crucial to this case is the finding of the trial court that Warren County, as contract vendee, entered into and remained in possession of the property in question under a claim of title founded upon a written instrument. There is little proof as to the exact amount and description of the property actually occupied by the county, and absent a claim founded upon a written instrument only those lands actually occupied are deemed to have

been held adversely (Real Property Actions and Proceedings Law, § 521). While one who enters upon land under a mere agreement to purchase does not hold adversely as against the vendor until his agreement has been fully performed *(Matter of Department of Public Parks,* 73 NY 560), a claim of right based upon a written instrument may be upheld when the terms of the contract have been fully performed except for the execution of the deed *(Reid v City of New York,* 274 NY 178; *Corning v Lehigh Val. R. R. Co.,* 14 AD2d 156). Although there is no direct evidence that Warren County made the three payments required by the contract with Lucy A. Latham, the county did supply part of the consideration required by the contract, assumption of responsibility for general land taxes, as of 1941. The county treasurer's inability to produce canceled checks showing payment under the contract is readily explained by the county's policy to destroy checks of the vintage which the payments in question would have been. The county treasurer, on the other hand, could not locate any records of debts to Lucy A. Latham. The county's removal of the property from the tax rolls, the lack of evidence of an outstanding debt for its purchase and the lack of any evidence that Lucy A. Latham objected to the county's use and occupancy of the property from 1940 to her death in 1957 all support the conclusions of the trial court. The claim based upon a written instrument having been established, the evidence as to the occupancy of at least "some part" of the premises (Real Property Actions and Proceedings Law, § 511) by a "substantial inclosure" (the fence) (Real Property Actions and Proceedings Law, § 512, subd 2), as well as the occupancy by the quarrying and storage of equipment, support the trial court's finding of adverse possession of the entire parcel in question. We have examined, among others, the claims that the county's possession did not meet the classic requirements of adverse possession, that the occupancy be hostile and continuous *(Bradt v Giovannone,* 35 AD2d 322), and find them to be without merit. Judgment affirmed, without costs. Koreman, P. J., Greenblott, Main, Larkin and Herlihy, JJ., concur.