John M. Donoghue, Esq. Poughkeepsie, N Y
This is in reply to your inquiry of December 22, 1977 concerning the validity of a school district's claim of title, based upon adverse possession, to land conveyed to the Village of Millbrook in 1896. You specifically question if one municipality can claim title adversely to the property of another municipality. As you realize, this office does not determine the validity of title in dispute between two municipalities. This can be judicially decided either in a proceeding under Article 1500 of the Real Property Actions and Proceedings Law (Carpenter v. Sickles,13 Misc.2d 1025 [1958], Sup. Ct., Chenango Co.) or in an ejectment action. (Art. 6 of the Real Property Actions and Proceedings Law; Platt
v. Smith, 127 N.Y.S.2d 66 [1954], Sup. Ct., Onondaga Co.)
A school district is not under any disability to claim title through adverse possession. (10 McQuillin, Municipal Corporations, § 28.15, p 41, 1966 [rev ed].) In Templas v. Uhl, 276 AD 641 [4th Dept., 1950], the title of the school district based upon adverse possession was sustained. To the same effect, see Millious v. Board of Education,13 Misc.2d 944 [1955], Sup. Ct., Tioga Co., and also Carpenter v.Sickles, supra; Bd. of Educ., etc. v. Dormire, et al., 126 N.Y.2d 225, County Ct., Chenango Co.; and Platt v. Smith, supra. However, it must establish facts to show that its claim is based on a claim of right. (Weil v. Snyder, 25 A.D.2d 60511 [4th Dept., 1966].) Mere possession without a claim of right, no matter how long continued, will not ripen into title. (Lewis v. Village of Lyons, 54 A.D.2d 488 [4th Dept., 1976].)
If municipalities hold properties in a governmental capacity, they may not alienate it without legislative authority (Lake George Steamboat Co. v. Blais, 30 N.Y.2d 48 [1972]; Cotrone v. City of New York, 38 Misc.2d 580
[1962], Sup. Ct., Kings Co.) and no adverse rights to it can accrue. (10McQuillin, Municipal Corporations, § 28.55, p 193, supra; Grunn v.Bergquist, et al., 201 Misc. 992 [1951], Sup. Ct., Nassau Co.) If the village held its property for a public use, then adverse possession would not be available in this instance. This depends upon all the facts. (LongIsland Research Bureau v. Town of Hempstead, 203 Misc. 619 [1952], Sup. Ct., Nassau Co., affd 283 AD 663, affd 308 N.Y. 818; Lewis v. Village ofLyons, supra.)