■ RICHARD L. GERWITZ et al., Appellants, v GEORGE GELSOMIN et al., Respondents.—Judgment unanimously affirmed, with costs. Memorandum: Plaintiffs reside at 317 Rita Drive, Clay, New York, property known also as Lot No. 24 of the Bellville Tract. They acquired the premises in 1957 and shortly thereafter they began to use the adjacent vacant Lot No. 25, now owned by defendant Gelsomin. At various times they have planted grass seed, flowers and shrubs on the land and used it for picnics or cookouts. In 1977 defendant Gelsomin acquired Lot No. 25. He constructed a foundation on it on which he attempted to move a house. Plaintiffs thereupon commenced this action claiming title to Lot No. 25 by adverse possession. Before a claimant may acquire land by adverse possession, he must prove by clear and convincing evidence that his possession of the premises has been (1) hostile and under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous (*Van Valkenburgh v Lutz,* 304 NY 95, 98); *Belotti v Bickhardt,* 228 NY 296, 302). The trial court found that plaintiffs had failed to prove that their occupation of these premises had been exclusive or continuous. We affirm because the possession was not hostile to the owner and under a claim of right. The reasonable inference to be drawn from the evidence is that plaintiffs knew in 1957 that they did not own Lot No. 25 and they never intended to claim ownership of it. They entered the land to remedy an eyesore next to their home and use the land as they could. Thus, the proof establishes that plaintiffs had clear knowledge of the boundaries of their land by map and deed and because the other lots on the street were the same size. At the time of purchase, plaintiffs' Lot No. 24 was graded and improved by the contractor, but he did not grade or improve Lot No. 25. Plaintiffs were satisfied with this grading which established a clear boundary line between their improved property and the unimproved Lot No. 25 next door which was covered with debris. Plaintiffs paid the taxes on their own property regularly and received receipts for those payments. They

have never paid or attempted to pay the taxes on Lot No. 25, even after defendant started his construction. While the failure to pay taxes is not conclusive evidence, it is a significant circumstance which weakens plaintiffs' claim that occupation of the land was under a claim of title, particularly when the failure continued for 20 years (see 2 CJS, Adverse Possession, § 211, pp 937-938). Finally, the proof establishes that at various times during the proscriptive period "For Sale" signs were placed upon the vacant premises by the owner without objection or inquiry by plaintiffs. Upon this evidence, plaintiffs have failed to sustain their burden of proof that they occupied Lot No. 25 or any part of it under a claim of right. (Appeal from judgment of Onondaga Supreme Court—Real Property Actions and Proceedings Law, art 15.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.