118

CITY OF TONAWANDA, Appellant-Respondent, v ELLICOTT CREEK HOMEOWNERS ASSOCIATION, INC., et al., Respondents-Appellants.

Fourth Department, April 12, 1982

APPEARANCES OF COUNSEL

*Joseph J. Cassata, City Attorney* for appellant-respondent.

*Joseph J. Schoelkopf, Jr.* (*Gerald P. Gorman* of counsel), for respondents-appellants.

OPINION OF THE COURT

DENMAN, J.

This case concerns the ownership and use of certain real property lying between Ellicott Creek and Ellicott Creek Road in the City of Tonawanda (City) in Erie County. The City has record title to the property but certain individuals

who own residential property across Ellicott Creek Road from the contested strip of creekfront property, as well as 10 boat owners who own no adjacent property, have used the creekfront property for years.

In February, 1977 the City commenced an action for ejectment against 41 named defendants, including the Ellicott Creek Homeowners Association, Inc. (Association).* The action has been discontinued against certain individuals and other individuals are in default. The Association and 24 individuals answered and asserted affirmative defenses and counterclaims for adverse possession and easements by prescription. The City moved for summary judgment dismissing those affirmative defenses and counterclaims. Special Term granted partial summary judgment in favor of the City dismissing the defenses and counterclaims for adverse possession and denied summary judgment with respect to the prescriptive easement claims. The City has appealed and the defendants have cross-appealed from that order.

The various defendants make no claim of title under a written instrument and do not controvert that the City is the record owner. Legal title carries with it the presumption that the record owner has been possessed of the premises and that the occupation by another is subordinate, not hostile, to legal title (RPAPL 311; *Harrison v New York Cent. R.R. Co.,* 255 App Div 183, 186-187, affd 281 NY 653; see 2 NY Jur 2d, Adverse Possession, § 10, p 315). Therefore, the City would be entitled to summary judgment unless the defendants can demonstrate their rights by competent evidence or at least raise a factual issue regarding their claim to title through adverse possession or prescriptive easement. With respect to a claim of adverse possession, five elements must be established: possession was hostile and under claim of right; actual; open and notorious; exclusive, and continuous for the statutory period (*Belotti v Bickhardt,* 228 NY 296, 302; *Gerwitz v Gelsomin,* 69 AD2d 992). The elements of an easement by prescription are similar although demonstration of exclusivity is not essential (*Di Leo v Pecksto Holding*

---

* The record does not contain the specific date on which the action was commenced but it is undisputed that it was begun in February, 1977.

*Corp.,* 304 NY 505, 512; *Weinberg v Shafler,* 68 AD2d 944, 945, affd 50 NY2d 876). In either case where all of the other elements are established by the one claiming title or easement under adverse possession or user, the first element of hostile possession or user will be presumed and the burden shifts to the record owner to produce evidence rebutting the presumption of adversity (RPAPL 521; *Di Leo v Pecksto Holding Corp., supra; Beutler v Maynard,* 80 AD2d 982, affd 56 NY2d 538; *Village of Schoharie v Coons,* 34 AD2d 701, affd 28 NY2d 568; *Weil v Snyder,* 25 AD2d 605).

██ The majority of the claims for both adverse possession and prescriptive easement must be dismissed because the defendants have failed to demonstrate that their possession or user was continuous for the requisite statutory period. The applicable statutory period is 15 years for those whose possession commenced prior to September 1, 1963, the date on which the statutory period was changed, and 10 years for those whose possession began thereafter (*Carrington v McNeil,* 58 AD2d 719; *Reiter v Landon Homes,* 31 AD2d 538).

The claim of defendant Stephen A. Capuson must be dismissed. He purchased his property on the south side of Ellicott Creek Road prior to September 1, 1963 and his purported occupation or user of the creekside land commenced at the time of his purchase. He makes no claim of tacking and has failed to demonstrate that he occupied the parcel for 15 years prior to February, 1977 when the action was commenced. Defendants Roland E. and Annette M. Caron, Louis T. and Virginia Zwolinski, and Madeline M. (Landon) Eber took title to their property on the south side of Ellicott Creek Road after September 1, 1963. They claim no tacking and have not demonstrated possession or user with respect to the creekside land for 10 years prior to February, 1977. Defendants George E. and Ardyce Matzke took title to their property in September, 1975 from defendant Charles Gauvreau who took title in August, 1963 and no prior adverse possession or user for tacking purposes has been pleaded. Accordingly, the Matzkes have not been in possession for 10 years on their own nor for 15 years if tacking with respect to Gauvreau is utilized. Defendants

Ellwood E. and Dorothy L. Scheley took title to their property on June 30, 1970 by deed which granted "all interest of sellers in and to lands between the above described parcel and Ellicott Creek"; nevertheless, since the record does not show when the previous owners acquired title or began occupation, the Scheleys have failed to meet their burden.

Certain defendants are boat owners who claim interest in the creekside property because they have used docks abutting the property with the knowledge or consent of the owners of property south of Ellicott Creek Road. James L. Shannon, Weldon Rutter and Willard Kling have failed to establish their user for the 10-year prescriptive period. Charles Gauvreau built a dock opposite 392 Ellicott Creek Road in August, 1963 and has used it since (from 1975 by agreement with Matzkes); he thus failed to establish the 15-year period of prescription. Defendant Bauer built and used one dock opposite 404 Ellicott Creek Road from 1962 to 1973. In 1973 he abandoned that dock and has used a dock opposite 398 Ellicott Creek Road by agreement with defendant Maurer. He has not met the prescriptive period of 15 years for the first dock or 10 years for the second dock. Accordingly, summary judgment should have been granted against all defendants except the Branns, Eckerts, Melick, Maurer, Anderson and the Leases, dismissing the defenses and counterclaims for both adverse possession and prescriptive easement on the ground that continuous occupation or user for the appropriate statutory period had not been established.

■ With respect to the adverse possession claim of the Branns and Eckerts, other than conclusory assertions of open, continuous, exclusive and hostile possession and use, they merely assert that they have maintained the creek-front land by mowing the grass and planting trees. One seeking to obtain title by adverse possession on a claim not based upon a written instrument must show actual occupation of the premises which requires that the parcel be "usually cultivated or improved" or that it "has been protected by a substantial inclosure" (RPAPL 521, 522, subds 1, 2; see *Lewis v Village of Lyons,* 54 AD2d 488). The type of cultivation or improvement sufficient under the

statute will vary with the character, condition, location and potential uses for the property (*Ramapo Mfg. Co. v Mapes,* 216 NY 362, 372-373) and need only be consistent with the nature of the property so as to indicate exclusive ownership (*Camfield v Luther Forest Corp.,* 75 AD2d 671). The creekside property was suitable for more extensive use than that asserted by the Branns and Eckerts as is indicated by the improvements and uses made by neighbors. The acts of the Branns and Eckerts are insufficient as a matter of law to establish that the land has been "usually cultivated" as contemplated by RPAPL 522 (see 1 Warren's Weed, New York Real Property, Adverse Possession, § 5.02, p 44) and there is no evidence of substantial inclosure. While the actual occupation requirement of sections 521 and 522 is not applicable to the claim of easement by prescription (*Di Leo v Pecksto Holding Corp.,* 304 NY 505; 1 Warren's Weed, New York Real Property, Adverse Possession, § 1.07, p 9), those claims of the Branns and Eckerts should also be dismissed inasmuch as the conclusory statements in their affidavits are insufficient to establish a factual issue concerning that claim (*Zuckerman v City of New York,* 49 NY2d 557, 562; *Weil v Snyder,* 25 AD2d 605).

■ With regard to defendant Maurer, summary judgment should not have been granted on either the adverse possession or prescriptive easement claims. His affidavit sets forth acts which are sufficient to establish usual cultivation or improvement, i.e., using a pre-existing dock and later replacing it with a new dock; erecting a light pole; installing a retaining wall along the bank; mowing the grass and granting another permission to moor his boat at the dock. The evidence is sufficient to raise issues of fact with respect to the other elements of adverse possession and prescription. Specifically, there is a triable issue as to whether Maurer ever admitted or recognized that title rested with the City, and, if so, whether such acknowledgement occurred prior to October 24, 1974, when the 10-year statutory period would have run for Maurer's claim. His admission prior to that date that title resided in another would destroy hostility (see *Van Valkenburgh v Lutz,* 304 NY 95, 99; *Lutz v Van Valkenburgh,* 27 AD2d 735, affd 21 NY2d 937; *Lewis v Village of Lyons,* 54 AD2d 488, *supra;*

*Stauffer Chem. Co. v Costantini,* 38 AD2d 863; see, generally, 2 NY Jur 2d, Adverse Possession, §§ 67-71), whereas recognition subsequent thereto would not (*New York State Elec. & Gas Corp. v Persson,* 64 AD2d 194, 196; *St. William's Church v People,* 269 App Div 874, 879, revd on other grounds 296 NY 861).

With respect to Anderson, the record contains clear evidence of his admission during the statutory period that title rested in another; hence his adverse possession claim must fail. Such admission, however, does not defeat Anderson's claim to easement by prescription, which is concerned with a hostile user as opposed to a hostile possession under a claim of right (see *Van Valkenburgh v Lutz, supra,* p 99). Nevertheless, the record does not establish a permissive user. Seeking permission for use from the record owner negates hostility (*Campano v Scherer,* 49 AD2d 642; *Smith v Folmsbee,* 31 AD2d 584) and absent a clear, unequivocal, open repudiation of permission the user is not transformed into a hostile one (*Hinkley v State of New York,* 234 NY 309; *Moore v Day,* 199 App Div 76, affd 235 NY 554; *Durand v Leigh,* 15 AD2d 629). Here, however, defendant's affidavit shows that what the City claims to have been a request for permission was, in fact, only an inquiry as to whether a building permit was necessary for the construction of a retaining wall. A determination of compliance with an ordinance is distinct from permission to use City property. Therefore, Anderson's defense and counterclaim for prescriptive easement may not be dismissed.

The adverse possession claim of defendant Melick, like that of Anderson, must fail for the reason that she and her former husband recognized title in another during the statutory period. Additionally, the record indicates that she and her husband sought permission to use the creekside property, thus defeating her claim of prescriptive easement (*Campano v Scherer, supra; Smith v Folmsbee, supra*). The same is true for the Eckerts who admit that they obtained permission to use the property so that their claims should also have been dismissed on that basis if not for failure to prove cultivation and improvement of the property under RPAPL 522.

■ Summary judgment should be granted dismissing both the adverse possession and prescriptive easement claim of the Leases. They submitted no affidavit in opposition to the motion and the record is devoid of any evidence of continuous, exclusive and open possession or user by them.

■ The remaining claims of Maurer and Anderson are subject to one additional concern. Where the record owner is a municipality no interest will pass by adverse possession or prescription when the property is held for public or governmental purposes or is made inalienable by grant or statute. Conversely, property which is held only in a proprietary capacity and upon which there is no prohibition as to alienability is subject to claims of adverse possession or easement by prescription (*City of New York v Wilson & Co.,* 278 NY 86; *Matter of City of New York [Mileau Corp.],* 72 AD2d 745; *Lewis v Village of Lyons,* 54 AD2d 488). The record does not establish that the City is entitled to summary judgment on that issue. The creekside area claimed by defendant Maurer is located on the smaller parcel deeded to the City in 1948 by Samuel H. and Betty W. Putnam. That deed does not restrict alienability nor does it mandate that it be held for a public purpose. By resolution of the common council of July 20, 1976, the City indicated the intention to hold all of the City's creekfront property for public or governmental purposes only and resolved to give notice to vacate to all private users. Assuming that such resolution effectively dedicated that parcel to public use, the statutory period for Maurer would have already run in 1974. The creekfront property claimed by Anderson is located in the larger parcel conveyed to the City by Erie County by deed dated July 6, 1972 which specifically stated that the property was to be used for public or governmental purposes only. Any interest which Anderson may have would not have vested until 1974. Nonetheless, not only has the City not offered proof that it attempted to put the land to a public use prior to the 1976 resolution, but between 1972 and 1975 was discussing the sale, public auction, or leasing of the land with private citizens (cf. *Lewis v Village of Lyons, supra,* p 491).

■ Inasmuch as the Ellicott Creek Homeowners Association appears only in its representative capacity and neither owns nor claims a right to any interest in the property on its own behalf, it may not assert a defense or counterclaim based on either adverse possession or prescriptive easement and the City is entitled to summary judgment dismissing such claims by the Association.

We thus conclude that the City's motion for summary judgment dismissing the affirmative defenses and counterclaims should have been granted against all defendants except for the claims of adverse possession and prescriptive easement of Maurer and the easement claim of Anderson as to which there remain questions of fact.

SIMONS, J. P., HANCOCK, JR., DOERR and SCHNEPP, JJ., concur.

Order unanimously modified, on the law, and as modified affirmed, without costs, in accordance with opinion by DENMAN, J.