■ WILLIAM HOPPMANN, Respondent, v SARGENT STEIN, INC., Appellant, et al., Defendants.—Order of the Supreme Court, Bronx County (Irwin M. Silbowitz, J.), entered April 29, 1987, which granted plaintiff's motion for a preliminary injunction to the extent of restraining defendants from the use of the private street Spencer Terrace, in The Bronx, until a determination in a related lawsuit as to whether the underlying easement was either exclusive or nonexclusive, is unanimously reversed, on the law and facts and in the exercise of discretion, and the motion denied, with costs and disbursements payable by plaintiff.

The source of the dispute herein is an allegedly private dead-end road known as Spencer Terrace or Spencer Place, in The Bronx. Plaintiff William Hoppmann owns property on this street, at which he and others reside. Defendant Sargent Stein, Inc., whose principals are the individual defendants, brothers Richard and Jeffrey Steinberg, is the owner of a parcel across the street from plaintiff's property. This parcel abuts Spencer Terrace and also fronts on Broadway, a public thoroughfare. Because there is a rock cliff on the Broadway side, defendants' parcel is not accessible from that street. In order to construct an apartment complex on their parcel, therefore, defendants must be able to use Spencer Terrace.

In a related consolidated action *(Chin v Steinberg)*, plaintiff and other owners of residential property along Spencer Terrace claim an exclusive easement over Spencer Terrace. The *Chin* plaintiffs rely on a written easement, executed in 1939 by the grantor, which established a private right-of-way for all

future owners of certain lots. Defendants in the *Chin* litigation contend that the easement is nonexclusive.

In this action, plaintiff Hoppmann alleges that he is the owner, by adverse possession, of a strip of land approximately 8-to-10-feet deep and 60-feet wide which is claimed by the corporate defendant to be part of its parcel. Plaintiff also alleges that Spencer Terrace is a private street owned by plaintiff and adjoining landowners and that defendants' use of the street is unauthorized.

Plaintiff moved for a preliminary injunction enjoining defendants from entering Spencer Terrace and enjoining defendants from crossing the strip of land plaintiff claimed by reason of adverse possession.

Although the IAS court found that the plaintiff did not show a substantial likelihood of success on the merits as to the adverse possession claim, it granted a preliminary injunction restraining defendant from the use of Spencer Terrace until a determination in the *Chin* suit of whether the underlying easement was either exclusive or nonexclusive. We subsequently vacated that preliminary injunction pending hearing and determination of this appeal.

Since this appeal involves only the propriety of the Supreme Court's order enjoining defendants from entering the street, the adverse possession claim is not critical to our determination. Parenthetically, however, a chain-link fence erected by plaintiff less than one year ago would appear to be insufficient to establish adverse possession. Nor do plaintiff's statements that "since 1959 [he has] exercised dominion and control" over the strip of land, has "cleared and levelled same, provided landfill and annual upkeep and used the area for gardens, plantings, parking of my cars * * * and maintenance of my garbage receptacles" necessarily establish adverse possession *(see, City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118, *appeal dismissed* 58 NY2d 824).

In addition, the claim that plaintiff (and the other landowners in *Chin)* has an exclusive easement was closely contested by defendants in opposition to the motion. While we express no opinion as to the viability of this claim, certainly, plaintiff has failed to establish a clear likelihood of success on the merits upon this application *(see, DeLury v City of New York,* 48 AD2d 595, 596).

Even more importantly, plaintiff has not established any irreparable injury resulting from defendants' use of the street. To the extent that plaintiff is concerned about the destruction

of the retaining wall and damage to the road itself, he can be adequately compensated in money damages if his claims are sustained in this action.

Nor does a balancing of the equities favor plaintiff. The threatened damage to plaintiff is speculative and easily compensable while the hardship to defendants, the inability to commence construction of a large-scale project, would be far more harmful. Concur—Murphy, P. J., Sullivan, Asch, Kassal and Ellerin, JJ.