■ ALEXANDER J. HARAGEONES et al., Appellants, v REBECCA McMULLEN, as Administratrix of the Estate of RENIFF MERRIMAN, Deceased, Respondent.—Mikoll, J. Appeal from an order of the Supreme Court (Harlem, J.), entered January 4, 1988 in Otsego County, which granted defendant's motion for summary judgment dismissing the complaint.

Defendant, as administratrix of the estate of her uncle, decedent Reniff C. Merriman, moved for summary judgment dismissing plaintiffs' complaint seeking title by adverse possession to a certain 18 acres of land whose record owner is Reniff Merriman. Plaintiffs purchased their farm from Merriman. It lies adjacent to the 18 acres in issue. The deed excepted the 18 acres from the conveyance to plaintiffs. Supreme Court, in granting summary judgment to defendant, held that plaintiffs failed to establish the essential elements of adverse possession. We concur.

Plaintiffs have admitted that decedent used the land continually until 2 or 3 years before he died. Plaintiffs also admit that they used the land in question with decedent's permission. The deed executed by decedent, granting plaintiffs ownership to land adjacent to the 18 acres, specifically excepts the 18 acres from the grant of title. Plaintiffs had additionally acknowledged decedent's continuing entitlement to the acreage when, in 1974, they conveyed their farm to a corporate owner and their deed excepted the 18 acres in issue from the conveyance.

The only issues of fact raised by the affidavits of both

parties involve questions of the extent of usage of the land in question by plaintiffs and decedent. Since the essential element of open, hostile and exclusive use has not been established for the required statutory period, plaintiffs cannot prevail (see, City of Tonawanda v Ellicott Cr. Homeowners Assn., 86 AD2d 118, 120; see also, Belotti v Bickhardt, 228 NY 296, 302; Gerwitz v Gelsomin, 69 AD2d 992).

Order affirmed, with costs. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.