■ LEONARD LITWIN et al., Appellants, v TOWN OF HUNTINGTON et al., Respondents. [617 NYS2d 888] —In an action pursuant to RPAPL article 15, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Lama, J.), dated September 22, 1992, which granted the motion of the defendants the Town of Huntington, the Town Board of the Town of Huntington, and the Trustees of the Town of Huntington, joined by the defendant the Huntington Housing Authority, for summary judgment dismissing the complaint and denied their cross motion for an order pursuant to CPLR 3211 dismissing certain affirmative defenses and the defendants' counterclaims.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiffs contend that they obtained title by adverse possession to a portion of property owned and later dedicated by the Town of Huntington for development as low income housing. We disagree.

Upon the record before us, the plaintiffs have failed to demonstrate the existence of material questions of fact with respect to their claim that they obtained title by adverse possession. We note in this respect that although the plaintiffs claim, *inter alia,* that they planted nursery stock and cultivated and tilled the property, the aerial photographs and other materials submitted to the Supreme Court failed to substantiate the assertion that such activities were continuous, open and notorious for the requisite period necessary to establish adverse possession *(see,* 1 Warren's Weed, New York Real Property, Adverse Possession §§ 3.01, 5.03 [4th ed]; *Con-*

*gregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.,* 192 AD2d 501; *Manhattan School of Music v Solow,* 175 AD2d 106; *Pegalis v Anderson,* 111 AD2d 796).

In any event, the plaintiffs could not have adversely possessed the property subsequent to December 1987, the date at which the defendant Huntington Town Board adopted a resolution discontinuing the property's prior use and dedicating it to the public purpose of low income housing. It is settled that title to property owned by a municipality in its governmental capacity cannot be lost through adverse possession *(see, e.g.,* 1 Warren's Weed, New York Real Property, Adverse Possession § 9.02 [4th ed]; *City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118; *Lewis v Village of Lyons,* 54 AD2d 488, 490-491). Inasmuch as the property was dedicated to a public purpose and was thus held by the Town in its governmental capacity upon adoption of the 1987 resolution, any claim upon the facts presented that the property was adversely possessed for the requisite prescriptive period must fail *(City of Tonawanda v Ellicott Cr. Homeowners Assn., supra).*

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Mangano, P. J., Thompson, O'Brien and Ritter, JJ., concur.