# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**986**

**CA 11-00391**

PRESENT: SMITH, J.P., CENTRA, CARNI, GREEN, AND MARTOCHE, JJ.

---

KING'S COURT RESTAURANT, INC.,
PLAINTIFF-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

HURONDEL I, INC., DEFENDANT-APPELLANT.

---

THE KNOER GROUP, PLLC, BUFFALO (ROBERT E. KNOER OF COUNSEL), FOR DEFENDANT-APPELLANT.

BRIAN J. RUFFINO, BUFFALO, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered April 27, 2010 in a declaratory judgment action. The order denied the motion of defendant for summary judgment dismissing the complaint and for a declaratory judgment to quiet title.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, the complaint is dismissed and judgment is granted in favor of defendant as follows:

It is ORDERED, ADJUDGED and DECREED that plaintiff has no title by adverse possession and/or easement by prescription over the adjacent portion of defendant's property in question.

Memorandum: Plaintiff commenced this action seeking a declaration that it has obtained title by adverse possession and/or easement by prescription over a portion of defendant's property that is adjacent to plaintiff's property. Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint and for a declaratory judgment on its counterclaim to quiet title. We therefore reverse.

In cases involving title by adverse possession and/or easement by prescription, an established record owner of the disputed property is "entitled to summary judgment unless the [opposing party] can demonstrate [its] rights by competent evidence or at least raise a factual issue regarding [its] claim to title through adverse possession or prescriptive easement" (*City of Tonawanda v Ellicott Cr. Homeowners Assn.*, 86 AD2d 118, 120, *appeal dismissed* 58 NY2d 824). " 'To acquire title to real property by adverse possession . . . the

possessor . . . [must] establish that the character of the possession is hostile and under a claim of right, actual, open and notorious, exclusive and continuous . . . for the statutory period of 10 years' " (*Dekdebrun v Kane*, 82 AD3d 1644, 1646). "The elements of an easement by prescription are similar although demonstration of exclusivity is not essential" (*Ellicott Cr. Homeowners Assn.*, 86 AD2d at 120; *see Di Leo v Pecksto Holding Corp.*, 304 NY 505, 511-512).

Here, defendant met its initial burden on its motion by submitting uncontroverted documentary evidence that it is the record owner of the property to which plaintiff claims to have obtained title by adverse possession and/or prescriptive easement. The burden thus shifted to plaintiff to "demonstrate [its] rights by competent evidence or at least raise a factual issue regarding [its] claim to title through adverse possession or prescriptive easement" (*Ellicott Cr. Homeowners Assn.*, 86 AD2d at 120), and plaintiff failed to meet that burden. Defendant established that neither plaintiff nor its predecessors in interest could have possessed or used the area in question in a continuous and uninterrupted manner and, with respect to adverse possession, in an exclusive manner, over the course of any 10-year period. Defendant is correct that there is no evidence that plaintiff's predecessors in interest used the alleged easement before plaintiff obtained the property in 1979. Defendant further established that part of a gas station covered a portion of the alleged easement until at least 1986 and that, from at least 1995 onward, vehicles with no affiliation to plaintiff have been parked on the alleged easement. Inasmuch as defendant's evidence illustrated the absence of both an uninterrupted 10-year period of possession or use for 10 years, exclusive or otherwise, defendant established its entitlement to a declaration in its favor on both the adverse possession and prescriptive easement claims as a matter of law.

We note that, in opposition to the motion, plaintiff submitted affidavits from two of its corporate officers and two neighboring business owners merely stating in a conclusory manner that plaintiff exercised uninterrupted, open, continuous, hostile, and adverse use and possession of the disputed area for over 10 years. Because those affidavits simply recited the legal elements of an easement but did not place them in the context of the facts of this case, they failed to raise any issues of fact for purposes of defeating defendant's motion (*see Villager Constr. v J. Kozel & Son*, 222 AD2d 1018; *Ellicott Cr. Homeowners Assn.*, 86 AD2d at 122-123). Additionally, the affidavit submitted by one of the neighboring business owners was insufficient to raise an issue of fact to defeat the motion because it was based upon information and belief rather than personal knowledge (*see Anderson v Livonia, Avon & Lakeville R.R. Corp.*, 300 AD2d 1134, 1135; *Wood v Nourse*, 124 AD2d 1020, 1021).

Because defendant established its entitlement to judgment as a matter of law on plaintiff's adverse possession and prescriptive

easement claims, defendant is entitled to a declaration in its favor.