■ In the Matter of GERTRUDE HARRIS, Appellant, against H. BOGART SEAMAN, as County Treasurer of Nassau County, Respondent.— In a proceeding to direct the County Treasurer of Nassau County to execute and deliver a deed conveying certain property, the appeal is from an order dismissing the petition. Order unanimously affirmed, with costs. On December 1, 1938 the County of Nassau acquired title to the property in question through the foreclosure of tax liens. On January 29, 1940 the Board of Supervisors of the County of Nassau resolved that the property was necessary for highway purposes and uses incidental thereto. A small portion of the property was thereafter used for highway purposes. Through error the property here involved

was charged to the former owners on the assessment rolls for 1954 and 1955. On December 5, 1955 the County Treasurer sold the tax lien on the property for unpaid 1954–1955 school district taxes and for 1955 town and county taxes to third parties, who thereafter assigned the tax sale certificates to appellant. Appellant served notices to redeem. In January, 1958 the County Treasurer cancelled the 1955 sale and the tax sale certificates, and directed the refund to appellant of the purchase price thereof. The charging of the county-owned property to the prior owners was erroneous because they had no interest in the property and no right to redeem. (*Shorter* v. *County of Chenango,* 269 App. Div. 594.) Even assuming, as appellant argues, that the assessment was not void, the County Treasurer was without authority to sell county-owned property to a stranger for unpaid taxes owed by the county. (*Shorter* v. *County of Chenango, supra*; Tax Law, § 123; see County Government Law of Nassau County, § 105, subd. 1.) Since the sale was invalid, the County Treasurer was required to cancel the sale. (Tax Law, § 140.) Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.