■ LILLIAN ALLEN et al., Appellants, v. CROWELL-COLLIER PUBLISHING COMPANY, Respondent.— Order, entered June 25, 1964, affirmed, with $30 costs and disbursements to the defendant-respondent. The interrogatories stricken at Special Term do not at this time appear to be material, necessary or relevant to the issues presented by the pleadings. The plaintiffs' right of recovery of severance payments depends upon the establishment of the existence of a regular practice by defendant to make such payments to its employees and plaintiffs' knowledge of and reliance thereon. (*Morschauser* v. *American News Co.,* 6 A D 2d 1028.) The plaintiffs were employed by defendant at its Springfield plant and they were discharged by it on its discontinuance of the Collier's and Woman's Home Companion magazines. It does not appear that the plaintiffs knew, were entitled to rely upon, or did rely upon a policy adopted by the defendant, if any, with reference to severance pay to employees at other plants or locations, and in particular upon the instance of payment by defendant of severance pay, if any, to its employees

on their discharge following discontinuance of the American Magazine. In any event, it appears that proper responses to the extensive interrogatories as allowed by Special Term should give the plaintiffs such information as is material and necessary to the prosecution of this action. Furthermore, it is noted that the order appealed from was rendered nearly two years ago and, at this apparent late date in the prosecution of the pretrial procedures in this action, this court should not be moved to exercise its discretion to review rulings on interrogatories which, on their face, are not palpably wrong or unjustly restrictive. Concur — Breitel, Stevens and Eager, JJ.; Botein, P. J., and Rabin, J., dissent in the following dissenting memorandum by Botein, P. J.: To deny the requested discovery is to say that the existence of a severance pay policy at defendant's other plant can have no possible bearing on the allegation in the complaint that defendant " established and announced " such a policy " to its employees, including these plaintiffs." The point is not whether plaintiffs relied on the policy in effect at other locations, but whether the fact that it was in effect at the other locations will not lend support to plaintiffs' assertion that it was also in effect at the location at which they were employed. " ' If there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered " evidence material * * * in the prosecution or defense." ' (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.07.) " (*Matter of Genesee Val. Union Trust Co. of Rochester*, 21 A D 2d 843, 844.) The considerations with which the majority memorandum concludes appear to me to underestimate the importance of the interrogatories in a litigation of this nature. I would reverse.