■ TOWN OF BROOKHAVEN, Appellant-Respondent, v MILTON ARONAUER, Defendant, COUNTY OF SUFFOLK, Respondent-Appellant, and ROGER COMES et al., Respondents.—In an action pursuant to article 15 of the Real Property Actions and Proceedings Law to compel the determination of claims to certain real property in the Town of Brookhaven, (1) the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County, entered September 21, 1977, as denied its motion for summary judgment and (2) the plaintiff and defendant County of Suffolk cross-appeal from so much of a further order of the same court, dated November 21, 1977, as, upon reargument, adhered to its original determination denying cross motions of the plaintiff and defendants Comes and Cronin for summary judgment. The County of Suffolk has abandoned its cross appeal. Appeal from order entered September 21, 1977, dismissed as academic, without costs or disbursements. That order was superseded by the order made upon reargument. Order dated November 21, 1977 modified, on the law, by adding thereto after the provision adhering to the original determination, the following: "except that plaintiff's motion for summary judgment is granted". As so modified, order affirmed insofar as appealed from, without costs or disbursements. The real property in controversy is a parcel of land comprising approximately 1.25 acres of park land in the Town of Brookhaven. In a deed dated November 27, 1963, the subject property was conveyed by Eagle Estates, Inc., and Como Homes, Inc., two New York corporations, to the Town of Brookhaven (town), a municipal corporation. Several years later, in a resolution dated March 15, 1966, adopted by the town board, the town accepted the dedication of the subject property as park property. On December 4, 1967, the subject property, still assessed on the tax rolls to Eagle Estates, Inc., was sold to one Milton Aronauer at a Suffolk County treasurer's tax sale for unpaid real property taxes for the tax year 1966/1967. The tax lien under the tax sale certificate issued to Aronauer was not redeemed within the three-year statutory period. Aronauer received a deed to the subject property from the county treasurer, which he recorded in the Suffolk County clerk's office on January 6, 1971. One month later, the deed conveyed to the town in 1963 was recorded in the Suffolk County clerk's office. The deed stated the following on its face: "This is a duplicate of a deed

executed November 27, 1963, the original of which was delivered to the Town of Brookhaven, at that time, and apparently lost." Several years later the subject property was conveyed by Aronauer to defendants James Cronin and Roger Comes in a deed dated November 30, 1976, which was recorded on December 9, 1976. Earlier, on November 26, 1976, apparently in anticipation of the conveyance, defendants Comes and Cronin had filed a preliminary subdivision map with the town's planning board to obtain approval for construction of four homes on the subject property. After Cronin and Comes purchased the property and recorded the deed, the subdivision map was rejected by the planning board. Shortly thereafter, in February, 1977, the town instituted the action at bar to determine the lawful owner of the subject property. Thereafter, Special Term denied the cross motions of the town and defendants Comes and Cronin for summary judgment, holding that there were factual issues which required resolution at a plenary hearing. Upon reargument the court adhered to its original determination. We disagree. There are no *relevant* issues of fact which would preclude a summary disposition of this matter. The subject property was dedicated as park property in 1966 and as such was exempt from taxation under section 406 of the Real Property Tax Law. Therefore, the foreclosure and tax sale deed was void *ab initio* (see *City of Rochester v Carnahan,* 57 Misc 2d 704, 706; cf. *Cameron Estates v Deering,* 308 NY 24; *Matter of Harris v Seaman,* 9 AD2d 917; *Shorter v County of Chenango,* 269 App Div 594). The failure of a town employee to apply for an exemption and remove the subject property from the tax assessment rolls as taxable real property does not estop the town from challenging the validity of the 1971 tax sale deed (see *Walsh's Inc. v County of Oswego,* 9 AD2d 393, 395). Moreover, the principle is well established in this State that park property may not be alienated without express legislative permission *(Brooklyn Park Comrs. v Armstrong,* 45 NY 234, 243; *Gerwitz v City of Long Beach,* 69 Misc 2d 763, 775, affd on opn of Special Term 45 AD2d 841). The defendants, in their recording of a deed which was void *ab initio,* are not aided by section 291 of the Real Property Law. Moreover, case law indicates that an owner of land held in trust for a public purpose, need not comply with the recording requirements of section 291 of the Real Property Law *(Walsh's Inc. v County of Oswego,* 9 AD2d 393, 395, *supra).* Consequently any alleged factual issue of "notice" is not relevant to the disposition of this case. The defendants may not rely upon the presumptive conclusion of regularity accorded by section 53 of the Suffolk County Tax Act, which attaches to all tax sale conveyances after three years from the date of record. Where a deed is void because the right to initiate the tax sale proceeding never existed, the tax deed can be challenged without regard to the three-year conclusive presumption afforded by section 53 *(Cameron Estates v Deering,* 308 NY 24, 30-31, *supra).* Lastly, we find no merit to the defendants' contention that the town was guilty of laches. Latham, J. P., Suozzi, Gulotta, Shapiro and Cohalan, JJ., concur.