■ THOMAS A. GALLAGHER, JR., Respondent, v ASHLAND OIL, INC., Appellant.—Mahoney, J. Appeal from a judgment of the Supreme Court (Keniry, J.), entered February 20, 1991 in Rensselaer County, upon a verdict rendered in favor of plaintiff.

In this action plaintiff, a former employee of defendant, seeks damages for breach of an alleged written severance pay policy. During trial, the facts established that plaintiff, an employee at will, was employed in various capacities by defendant and defendant's predecessor from 1948 until 1986. In June 1986, upon being advised by management that his job performance was unsatisfactory and that he likely would be terminated in 90 days, plaintiff elected early retirement.* During the period of plaintiff's employ, defendant had in force a policy of providing severance pay benefits to employees terminated under certain circumstances. Specifically excluded from severance pay eligibility were situations where the employee voluntarily resigned or was terminated due to poor job performance. The preface to the severance pay policy description, which description was set forth in defendant's "Human Resources Policy Manual", specifically provided that it was not intended to create a contract between defendant and its employees and that it could be unilaterally modified or abolished by defendant at any time. While it is uncontroverted that plaintiff never saw the manual until *after* he left defendant's employ, it is clear that he was aware that severance pay had been provided to certain employees who had been laid off. After leaving, plaintiff applied for severance pay; his application was denied on the basis that he voluntarily left defendant's employ.

At the conclusion of plaintiff's case, defendant moved to dismiss the complaint on the ground that plaintiff failed to establish the existence of a contractual obligation to provide severance pay; it was defendant's position that there was no evidence of a promise in this regard made by defendant or any indication that plaintiff relied upon the policy in accepting or continuing his employment. Alternatively, defendant asserted that even if a contractual obligation was found, plaintiff was not entitled to severance pay benefits due to his poor job performance. Supreme Court denied the motion and, at the

---

* At trial, the parties stipulated that plaintiff did not voluntarily leave defendant's employ and that his job performance did not meet the stated goals.

conclusion of the evidence, the jury returned a verdict for plaintiff. Defendant appeals.

We reverse. It is well established that provisions contained in company policy manuals which, like the one in this case, can be amended or withdrawn unilaterally, do not constitute enforceable obligations owing from an employer to its employees *(see, Edwards v Citibank,* 74 AD2d 553, 554, *appeal dismissed* 51 NY2d 875) absent a showing of a regular practice by the employer to provide the benefits now claimed, the employee's knowledge of the practice and his or her reliance upon such practice as evidenced by accepting or continuing employment as a result thereof *(Smith v New York State Elec. & Gas Corp.,* 155 AD2d 850; *Allen v Crowell-Collier Publ. Co.,* 26 AD2d 516, *revd on other grounds* 21 NY2d 403; *see, Luisi v JWT Group,* 128 Misc 2d 291; *cf., Weiner v McGraw Hill, Inc.,* 57 NY2d 458). Even assuming that plaintiff's admission into evidence of defendant's policy manual and the evidence that during his tenure several employees who had been laid off received severance pay is sufficient to establish that defendant provided severance pay as a regular practice, the record is bereft of evidence that plaintiff *relied* upon the availability of severance pay in accepting or continuing his employment. The only evidence proffered in this regard is the fact that plaintiff *continued* his employment with defendant after institution of the severance pay policy. This fact standing alone, however, is insufficient to establish reliance, as plaintiff's actions cannot be said to be unequivocally referable to the presence of the severance pay policy *(cf., DiCocco v Capital Area Community Health Plan,* 159 AD2d 119, 122-123, *lv denied* 77 NY2d 802).

Weiss, P. J., Yesawich Jr., Casey and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and complaint dismissed.