■ KENNETH LAMBERT, Respondent, v JOHN CORCORAN, Appellant, et al., Defendants. [619 NYS2d 326] —In an action to recover damages for defamation, the defendant John Corcoran appeals from an order of the Supreme Court, Nassau County (McCabe, J.), dated April 8, 1993, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiff Kenneth Lambert, a Senior Court Clerk, commenced this action against the defendant John Corcoran, the former Chief Court Clerk of the Supreme Court, Queens County, and certain media defendants to recover damages based on defamatory statements attributed, in part, to Corcoran, which appeared in an article published in the April 4, 1989, issue of the *Manhattan Lawyer.* In the article, Corcoran asserted that the plaintiff was reassigned because of his "needless" logging of unusually large amounts of overtime to complete his routine clerical tasks which a substitute clerk completed without resort to overtime.

The Supreme Court properly found that the appellant's statements were reasonably susceptible of defamatory meaning, since it is well established that a statement is actionable " 'if it tends to' * * * disparage a person in the way of his office, profession or trade" and thus summary judgment was properly denied *(Nichols v Item Publs.,* 309 NY 596, 600-601; *see also, Aronson v Wiersma,* 65 NY2d 592, 594).

We further note that although words which constitute personal opinion are constitutionally protected, the statements of the appellant reasonably appeared to contain "assertions of objective fact" which do not fall within the scope of protected opinion *(Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 243, *cert denied* 500 US 954).

We also reject the appellant's contention that the plaintiff is a public official and must therefore prove that the statements were published with "actual malice" or "reckless disregard" as to their truth *(see, New York Times Co. v Sullivan,* 376 US 254).* The plaintiff, a Senior Court Clerk, is not a public

official, as his position is not of such importance that the public had an independent interest in his qualifications and performance apart from the public's general interest in the qualifications and performance of all government employees *(see, Rosenblatt v Baer,* 383 US 75, 86; *cf., Sweeney v Prisoners' Legal Servs.,* 146 AD2d 1).

We also find that the appellant's statements were not, as a matter of law, protected by a qualified privilege. The plaintiff submitted some proof demonstrating that certain parts of the challenged statements were made by the defendant with knowledge of their falsity or with reckless disregard as to their falsity. Thus, there is a question of fact as to whether the statements were protected *(see, Liberman v Gelstein,* 80 NY2d 429, 438).

We have examined the appellant's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Joy and Altman, JJ., concur.