■ NORMAN J. ROSEN, Respondent, v ANNA M. PILUSO, Appellant. [652 NYS2d 104] —In an action to recover damages for defamation, the defendant, appeals from an order of the Supreme Court, Kings County (Douglass, J.), dated November 28, 1995, which, *inter alia,* granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The plaintiff, Norman J. Rosen, commenced this action to recover damages for an allegedly libelous statement made by the defendant, Anna Marie Piluso, in a letter to the editor which was published in The Brooklyn Graphic on June 29, 1992.

We agree with the conclusion of the Supreme Court that the plaintiff was not a public figure with respect to the published statement (*see, James v Gannett Co.,* 40 NY2d 415, 421, 423). However, the question of whether the complained of language is defamatory is for the jury. While the question of whether the particular words are "reasonably susceptible of a defamatory connotation" is a legal question to be resolved by the court in the first instance (*Weiner v Doubleday & Co.,* 74 NY2d 586, 592, cert denied 495 US 930; *see also, Aronson v Wiersma,* 65 NY2d 592, 593-594; *Goldberg v Coldwell Banker,* 159 AD2d 684), here the language is susceptible to more than one meaning and, thus, it is for the jury to determine the sense in which the words were likely to be understood by the ordinary and average reader (*see, Mencher v Chesley,* 297 NY 94; *Arrigoni v Velella,* 110 AD2d 601).

Contrary to the assertions of the defendant, there was no qualified privilege attached to her communication. Even assuming an interest, or a legal, moral, or social duty to speak on her part, the communication in the form of a letter to the editor was disseminated to persons other than those with a corresponding interest or duty in the subject of the communication (*see, Herlihy v Metropolitan Museum of Art,* 214 AD2d 250, 259; *Garson v Hendlin,* 141 AD2d 55, 60).

Nor does the privilege of fair comment and criticism apply to language which can reasonably be interpreted only as stating an objective fact (*see, Gross v New York Times Co.*, 82 NY2d 146, 150; *600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, 139, *cert denied* 508 US 910; *Immuno AG. v Moor-Jankowski*, 77 NY2d 235, *cert denied* 500 US 954). Pizzuto, J. P., Florio, McGinity and Luciano, JJ., concur.