■ Wayne F. Spencer, as Administrator of the Estate of Phillippa Spencer, Deceased, Appellant, v Christ Church Day Care Center, Inc., Respondent. [720 NYS2d 633] —Mugglin, J. Appeal from a judgment of the Supreme Court (Kramer, J.), entered March 15, 2000 in Schenectady County, which partially granted defendant's motion for summary judgment dismissing the complaint.

For approximately 13 years, Phillippa Spencer (hereinafter decedent) was employed by defendant as its Executive Director. In this action, plaintiff, as administrator of decedent's estate, seeks to recover $38,422.43 for decedent's unused vacation time and $71,285.66 for compensatory time. This appeal stems from Supreme Court's grant of defendant's motion for summary judgment dismissing the complaint, except to the extent that, based on provisions in its personnel manual, defendant was found liable to plaintiff for the payment of $11,024, representing 40 days of accumulated vacation time.

Since plaintiff's claim is not based upon the existence of a

written contract of employment, to be successful plaintiff must establish that, upon termination, defendant had a regular practice of paying its employees accumulated and unused vacation and compensatory time and that decedent relied upon such practice in accepting or continuing her position as Executive Director (*see, Smith v New York State Elec. & Gas Corp.*, 155 AD2d 850; *see also, Gallagher v Ashland Oil*, 183 AD2d 1033, 1034, *lv denied* 80 NY2d 758).

In support of its motion for summary judgment, defendant submitted its personnel manuals which establish that defendant had no written policy authorizing such payments beyond 40 days of unused, accumulated vacation time. In addition, through the affidavit of its president, defendant established the absence of any custom or practice to make such payments. While some payments of this nature had been made in the past on rare occasions, they were made only upon approval of defendant's Board of Directors. This evidence met defendant's initial burden of establishing entitlement to judgment as a matter of law (*see, Amedure v Standard Furniture Co.*, 125 AD2d 170), and shifted the burden to plaintiff to lay bare his evidence establishing the existence of a genuine triable issue of fact (*see, Vermette v Kenworth Truck Co.*, 68 NY2d 714).

In opposition to defendant's motion, plaintiff submitted his own affidavit detailing conversations that he had with decedent, his wife, in which he claims that she told him "that unused time was not lost at the end of the year and that there was no limit as to how much time employees could accrue. She also told me that employees who left the company were allowed to take their unused time as a monetary payout." He further claimed that decedent informed him that she would receive her unused vacation and compensatory time when she left employment. In addition, plaintiff also submitted the affidavits of a current employee of defendant (decedent's daughter) and a former employee, both of whom stated that they understood that there was no limit on the amount of vacation or compensatory time that one could accrue. Notably, the former employee asserted that upon termination of her employment, defendant paid her for all compensatory time that she had accrued. Contrary to plaintiff's assertion, these submissions are insufficient to defeat defendant's motion for summary judgment.

Although these affidavits claim an understanding that vacation and compensatory time could be accrued in unlimited amounts, none establish or claim the existence of a regular practice on defendant's part to make such payments when an employee terminates the employment relationship. Further-

more, there is a total lack of evidence that decedent relied upon any such claimed regular practice in accepting or continuing her employment (*see, Gallagher v Ashland Oil Co.*, 183 AD2d 1033, 1034, *supra*).

To the extent preserved for review, we find plaintiff's other contentions unpersuasive.

Peters, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.