■ Frank Skarren, Respondent, v Household Finance Corporation et al., Appellants. [745 NYS2d 556] —In an action, inter alia, to recover damages for defamation, unpaid pension benefits, unpaid severance benefits, and intentional infliction of emotional distress, the defendants appeal from an order of the Supreme Court, Nassau County (Carter, J.), entered December 1, 2000, which denied their motion to dismiss the complaint

pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were to dismiss the fourth, fifth, and seventh causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, Frank Skarren, a former employee of the defendant Household Finance Corporation (hereinafter Household Finance), was discharged after the company allegedly received an anonymous letter accusing him of participating in a kickback scheme. Following his termination, the plaintiff commenced this action against Household Finance and several officers and employees of the company, alleging, inter alia, that he had been wrongfully discharged in violation of a five-year employment contract, and that the defendants had made defamatory statements about him to fellow employees and other individuals, including former and prospective customers. The defendants responded by moving to dismiss the complaint pursuant to CPLR 3211 (a) (7), contending that each of the seven claims asserted therein failed to state a cause of action. The Supreme Court denied the motion in its entirety, and the defendants appeal.

Contrary to the defendants' contention, the Supreme Court properly denied those branches of their motion which were to dismiss the plaintiff's first and second causes of action, which seek damages for defamation. Although the defamatory statements which form the basis of the first cause of action are protected by a qualified privilege because they were made by the president of the company to fellow employees on a topic of common interest, this privilege may be overcome by a showing of malice (*see Liberman v Gelstein,* 80 NY2d 429, 437-438; *Stillman v Ford,* 22 NY2d 48, 53). Accepting the allegations in the complaint as true and according them the benefit of every favorable inference as required on a motion to dismiss (*see Campaign for Fiscal Equality v State of New York,* 86 NY2d 307, 318; *Blumenreich v North Shore Health Sys.,* 287 AD2d 529, 530), we find that the complaint sufficiently pleads actual malice to overcome the qualified privilege asserted by the defendants (*see Stukuls v State of New York,* 42 NY2d 272). We note that the defamatory statements which form the basis of the second cause of action would not be protected by a qualified privilege if, as the plaintiff alleges, they were disseminated to those who did not have either a common interest in them, or a

legal, moral, or social duty to speak upon the subject of the communications (*see Stukuls v State of New York, supra; Rosen v Piluso,* 235 AD2d 412; *Garson v Hendlin,* 141 AD2d 55).

We agree with the defendants' contention, however, that the Supreme Court erred in failing to dismiss the plaintiff's fourth cause of action, which seeks to recover unpaid pension benefits. It is undisputed that the plaintiff's right to recover pension benefits under the defendant Household Finance's employee-sponsored pension plan is governed by the Federal Employee Retirement Security Act of 1974 (hereinafter ERISA) (29 USC § 1001 *et seq.*). To recover pension benefits under an ERISA plan, a plaintiff must prove that his or her discharge was motivated by a specific intent to deprive him or her of pension benefits, and that the loss of such benefits was not a mere consequence of his or her termination (*see Lightfoot v Union Carbide Corp.,* 110 F3d 898, 906; *Dister v Continental Group,* 859 F2d 1108, 1111). Since the complaint contains no factual allegations from which such an intent to deprive the plaintiff of pension benefits can be inferred, his fourth cause of action should be dismissed.

The plaintiff's fifth cause of action to recover unpaid severance benefits must also fail because the plaintiff did not plead the material elements of such a claim, which are that the defendant employer had a regular practice of making severance payments, and that he relied upon that practice in accepting or continuing employment (*see Gallagher v Ashland Oil,* 183 AD2d 1033, 1034; *Smith v New York State Elec. & Gas Corp.,* 155 AD2d 850; *Morschauser v American News Co.,* 6 AD2d 1028).

The plaintiff's seventh cause of action, which seeks damages for the intentional infliction of emotional distress, should be dismissed because the actions complained of do not rise to the level of conduct which is " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303, quoting Restatement [Second] of Torts § 46, Comment *d; see Howell v New York Post Co.,* 81 NY2d 115, 122).

The defendants' remaining contentions are without merit. Krausman, J.P., Friedmann, Adams and Crane, JJ., concur.