■ LAWRENCE A. PORCARI, JR., Respondent, v GANNETT SATELLITE INFORMATION NETWORK, INC., et al., Appellants. [856 NYS2d 217]—

In an action to recover damages for defamation, the defendants appeal from an order of the Supreme Court, Westchester County (Smith, J.), dated August 20, 2007, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff, an associate corporation counsel employed by the City of Yonkers, commenced this action against the defendants to recover damages based upon defamatory statements about him which appeared in the September 20, 2006 issue of the Journal News Westchester (hereinafter Journal News). The article was written by the defendant William Hughes, a staff writer for the Journal News. The article identified the plaintiff as an attorney who had been sanctioned by a New York City judge for frivolous conduct. It also stated that the plaintiff was employed as an attorney in the Office of the City of Yonkers Corporation Counsel but was sanctioned in the context of representing a client in a private practice matter. In fact, the attorney against whom sanctions were imposed was Lawrence A. Porcari, the plaintiff's father, who maintains an office in Yonkers for the private practice of law. The following day, the Journal News published a retraction and a corrected follow-up story. The Supreme Court denied the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). We affirm.

The Supreme Court properly found that the defendants' statements were reasonably susceptible of a defamatory meaning as they tended to disparage the plaintiff in his trade, business, or

profession (*see Aronson v Wiersma*, 65 NY2d 592, 594 [1985]). Thus, the plaintiff was not required to plead or prove special damages (*id.* at 594; *see Liberman v Gelstein*, 80 NY2d 429, 434-435 [1992]).

The Supreme Court also correctly determined that the plaintiff was not required to plead or prove that the defamatory statements were published with actual malice since he, in his position as an associate corporation counsel, did not qualify as a "public official" under the standard enunciated by the United States Supreme Court over 40 years ago in *New York Times Co. v Sullivan* (376 US 254 [1964]). The position of associate corporation counsel is not a position of "such apparent importance that the public has an independent interest in the qualifications and performance of the person who holds it, beyond the general public interest in the qualifications and performance of all government employees" (*Rosenblatt v Baer*, 383 US 75, 86 [1966]; *see Lambert v Corcoran*, 209 AD2d 674, 675 [1994]). Thus, the plaintiff was governed by the rule set forth by the Court of Appeals in *Chapadeau v Utica Observer-Dispatch* (38 NY2d 196, 199 [1975]) that a private person in a defamation action involving an issue of public concern must plead and prove that the publisher "acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties". In this regard, the Supreme Court properly determined that the allegations in the complaint alleged a cause of action for defamation (*see generally Sheridan v Carter*, 48 AD3d 444 [2008]).

We also agree with the Supreme Court that the single instance rule did not apply here. In defining this rule, the Court of Appeals in *November v Time Inc.* (13 NY2d 175, 178 [1963]) explained that: "language charging a professional [person] with ignorance or mistake on a single occasion only and not accusing him [or her] of general ignorance or lack of skill cannot be considered defamatory on its face and so is not actionable unless special damages are pleaded."

Here, the defamatory statements accuse the plaintiff of much more than a mere mistake, dereliction, or lapse in judgment on a single occasion, as they indicate that he had been sanctioned by a judge for ongoing frivolous conduct and noncompliance with prior court orders. Under such circumstances, the single instance rule is inapplicable (*see Armstrong v Simon & Schuster*, 85 NY2d 373, 379 [1995]).

The defendants' remaining contentions either are without merit or have been rendered academic by this determination. Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur.