■ JAYDEN KNUTT et al., Appellants, v METRO INTERNA-
TIONAL, S.A., Respondent. [938 NYS2d 134]—

The verified complaint alleged that, in April 2009, a photographer for the defendant, Metro International, S.A. (hereinafter Metro), photographed the infant plaintiff, a 10-year-old African-American child, as he paused to look at a crime scene cordoned off with yellow police tape on a Brooklyn street. On December 4, 2009, without the consent or knowledge of the infant plaintiff or his parents, Metro printed the photograph in the publication Metro New York under the headline "Call to Get Tougher on Gang Activities," in an article about recent gang shootings in the Bronx. The infant plaintiff and his parents commenced this action against Metro alleging three causes of action, including a cause of action to recover damages for defamation. Metro moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint, and the Supreme Court granted the motion in its entirety. The plaintiffs appeal, as limited by their brief, from so much of the order as granted that branch of the motion which was to dismiss the cause of action alleging defamation. We reverse the order insofar as appealed from.

On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the complaint a liberal construction (see CPLR 3026), "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Rietschel v Maimonides Med. Ctr.*, 83 AD3d 810 [2011]). "Bare legal conclusions asserted in a complaint, however, are not presumed to be true" (*Baron v Galasso*, 83 AD3d 626, 628 [2011]). "Whether a plaintiff can ultimately establish [his or

her] allegations is not part of the calculus" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]).

To recover damages for defamation, a plaintiff must prove the defendant's publication to a third party of a false statement about the plaintiff, without privilege or authorization (*see Epifani v Johnson*, 65 AD3d 224, 233 [2009]). A defamatory statement is one which " 'tends to expose a person to hatred, contempt or aversion, or to induce an evil or unsavory opinion of him in the minds of a substantial number of the community' " (*Golub v Enquirer/Star Group*, 89 NY2d 1074, 1076 [1997], quoting *Mencher v Chesley*, 297 NY 94, 100 [1947]). Imputing a serious crime to the plaintiff constitutes defamation per se (*see Geraci v Probst*, 15 NY3d 336, 344 [2010]; *Liberman v Gelstein*, 80 NY2d 429, 435 [1992]). It is for the court to determine in the first instance whether the particular publication, considered as a whole, is susceptible of a defamatory meaning (*see Aronson v Wiersma*, 65 NY2d 592, 593 [1985]; *Tracy v Newsday, Inc.*, 5 NY2d 134, 136 [1959]), and whether the publication is "of and concerning" the plaintiff (*Springer v Viking Press*, 60 NY2d 916, 917 [1983] [internal quotation marks omitted]; *see Carlucci v Poughkeepsie Newspapers*, 57 NY2d 883, 885 [1982]). "If the contested statements are reasonably susceptible of a defamatory connotation, then 'it becomes the jury's function to say whether that was the sense in which the words were likely to be understood by the ordinary and average reader' " (*James v Gannett Co.*, 40 NY2d 415, 419 [1976], quoting *Mencher v Chesley*, 297 NY at 100; *see Silsdorf v Levine*, 59 NY2d 8, 12-13 [1983], *cert denied* 464 US 831 [1983]; *Rosen v Piluso*, 235 AD2d 412 [1997]).

Here, the subject news article, considered as a whole, is reasonably susceptible of a defamatory connotation concerning the infant plaintiff and, thus, it is a question for the jury whether the ordinary and average reader would understand the meaning as such (*see James v Gannett Co.*, 40 NY2d at 419). Therefore, the Supreme Court correctly determined that the plaintiffs have sufficiently pleaded the element of a defamatory statement (*see Porcari v Gannett Satellite Info. Network, Inc.*, 50 AD3d 993 [2008]; *Rosen v Piluso*, 235 AD2d 412 [1997]).

Where, as here, a private individual is allegedly defamed by a publication involving a matter of public interest, the plaintiffs must plead and prove that "the publisher acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties" (*Chapadeau v Utica Observer-Dispatch*, 38 NY2d 196, 199 [1975]; *see Porcari v Gannett Satellite Info.*

*Network, Inc.*, 50 AD3d at 994; *McCormack v County of Westchester*, 286 AD2d 24, 30 [2001]). At the pleading stage and prior to discovery, the plaintiffs have no knowledge of, and cannot possibly plead, any factual allegations concerning Metro's methods for gathering information, researching, writing and editing the subject article. Affording the complaint a liberal construction, accepting all facts concerning Metro's use of the infant plaintiff's photograph in the subject article as true, and according the plaintiffs the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d at 87-88), the plaintiffs adequately alleged the element of gross irresponsibility. Accordingly, the Supreme Court should have denied that branch of Metro's motion which was to dismiss the defamation cause of action (*see Porcari v Gannett Satellite Info. Network, Inc.*, 50 AD3d at 993-994; *cf. McCormack v County of Westchester*, 286 AD2d at 30-31). Angiolillo, J.P., Florio, Chambers and Sgroi, JJ., concur.