This action was commenced to recover damages for defamation and negligent and intentional infliction of emotional distress. The amended complaint alleged that the defendant, who described herself as a community volunteer, “recklessly, maliciously, and with flagrant disregard for the truth” made the “false” and “defamatory” statement that the then 13-year-old plaintiff “had sexual intercourse with her father.” The amended complaint asserted that the defamatory statement was initially made in March 2005 and, “upon information and belief,” the defendant repeated the alleged defamatory statement to others, causing “disgrace, humiliation, [and] disrespect” to the plaintiff within her Orthodox Jewish community. Further, the amended complaint asserted that the defamatory statements allegedly made by the defendant constituted slander per se.
The defendant moved, inter alia, pursuant to CPLR 3211 (a) *822 (7) to dismiss the amended complaint for failure to state a cause of action, and the Supreme Court granted that branch of the motion.
On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the complaint a liberal construction (see CPLR 3026) and “ ‘accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory’ ” (Nonnon v City of New York, 9 NY3d 825, 827 [2007], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994]).
The Supreme Court properly granted that branch of the defendant’s motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action, alleging negligent and intentional infliction of emotional distress. Accepting the allegations in the amended complaint as true, they fail to state a cause of action to recover damages for negligent or intentional infliction of emotional distress (see McGovern v Nassau County Dept. of Social Servs., 60 AD3d 1016, 1018 [2009]; Tataro v Allstate Indem. Co., 56 AD3d 758, 759 [2008]).
However, the Supreme Court erred in granting that branch of the defendant’s motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action, which sought to recover damages for defamation. “Making a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion or disgrace constitutes defamation” (Thomas H. v Paul B., 18 NY3d 580, 584 [2012]; see Katapodis v Brooklyn Spectator, Inc., 287 NY 17, 20 [1941] [a statement is defamatory “not only if it brings a party into hatred, ridicule or contempt by asserting some moral discredit upon his part, but also if it tends to make him be shunned or avoided, although it imputes no moral turpitude to him”]). While “[s]lander as a rule is not actionable unless the plaintiff suffers special damage,” an exception to that rule exists for statements “imputing unchastity to a woman,” which statements would constitute “slander per se” (Liberman v Gelstein, 80 NY2d 429, 434, 435 [1992]). It is for the court to determine in the first instance whether the particular challenged statements are susceptible of a defamatory meaning (see Aronson v Wiersma, 65 NY2d 592, 593 [1985]; Tracy v Newsday, Inc., 5 NY2d 134, 136 [1959]; Knutt v Metro Intl., S.A., 91 AD3d 915, 916 [2012]). “If the contested statements are reasonably susceptible of a defamatory connotation, then ‘it becomes the jury’s function to say whether that was the sense in which the words were likely to be understood by the ordinary and average [listener]’ ” (James v Gannett Co., 40 NY2d 415, *823 419 [1976], quoting Mencher v Chesley, 297 NY 94, 100 [1947]; see Knutt v Metro Intl., S.A., 91 AD3d at 916).
Applying these principles here, and accepting the facts alleged in the amended complaint as true, the plaintiff has alleged a statement made by the defendant that could be reasonably susceptible of a defamatory connotation, specifically, imputing unchastity to the infant plaintiff, so as to state a cause of action for slander per se. Furthermore, as required by CPLR 3016 (a), the cause of action to recover damages for defamation set forth the “particular words” alleged to be false and defamatory.
Our dissenting colleague posits that the challenged statement cannot be reasonably understood as imputing unchastity to the infant plaintiff because “unchastity cannot be imputed to a female as a result of intercourse involving the crimes of rape and incest.” Conceivably, a statement asserting that a female had been the victim of a sex offense would not be susceptible of a defamatory meaning because it could not reasonably be interpreted by the ordinary listener as imputing unchastity to that individual. However, in assessing potential defamatory meaning, we must look to the particular words used, and, here, it was not alleged that the defendant stated that the plaintiff had been the victim of a sex offense, or even that the plaintiffs father had engaged in inappropriate sexual conduct with her. Rather, as alleged in the complaint, the defendant stated that “[the plaintiff] had engaged in sexual intercourse with her father.” Of course, by operation of law, the plaintiff was incapable of consenting to such conduct (see Penal Law § 130.05 [3]), and if such conduct did, in fact, occur, the plaintiff would have been the victim of rape (see Penal Law § 130.30 [1]), among other offenses. However, the dissent’s position is entirely reliant upon this legal incapability of consenting to sexual conduct, whereas, in assessing potential defamatory meaning, the words must be “tested against the understanding of the average reader [or listener]” (Aronson v Wiersma, 65 NY2d at 594). The average listener, a lay person not trained in the law, upon hearing the statement “[the plaintiff] had engaged in sexual intercourse with her father,” might not interpret the statement to mean that the plaintiff had been the victim of rape due to her legal incapability of consenting to such conduct. The fact that any other interpretation would be incorrect from a legal standpoint does not alter our analysis of “the understanding of the average [listener]” (id.; see November v Time Inc., 13 NY2d 175, 178-179 [1963] [“The words are to be construed not with the close precision expected from lawyers and judges but as they would be read and understood by the public to which they are ad *824 dressed”]; see generally James v Gannett Co., 40 NY2d at 420 [“It is the duty of the court, in an action for (defamation), to understand the publication in the same manner that others would naturally do” (internal quotation marks omitted)]). Moreover, while it might ultimately be determined that another interpretation was not “the sense in which the words were likely to be understood by the ordinary and average [listener],” due to the plaintiffs age or other contextual facts (James v Gannett Co., 40 NY2d at 419 [internal quotation marks omitted]), in the context of this CPLR 3211 (a) (7) motion, the Court is limited to assessing whether the plaintiffs allegations were sufficient to state a cause of action for defamation.
Additionally, the dissent invokes a definition of the term “chaste” and asserts that the plaintiff cannot be viewed as unchaste since she did not voluntarily have sexual intercourse. We note that the same dictionary our dissenting colleague relies on defines the term “chastity” as, inter alia, “that virtue which prevents the unlawful intercourse of the sexes; the state of purity or abstinence from unlawful sexual connection” (Black’s Law Dictionary 236 [6th ed 1990]). Thus, to the extent that a dictionary definition may be relied upon, the definition provided in the cited dictionary is ambiguous and inconclusive.
While the dissent further posits that permitting this action to survive past the pleading stage might have a chilling effect on the reporting of suspected cases of child abuse, our holding here is limited to the particular defamatory statement as alleged in the complaint. Again, that statement was that “[the plaintiff] had engaged in sexual intercourse with her father.” The complaint did not allege that the statement was intended as, or constituted, a report that the plaintiff had been the victim of a sex offense or of child abuse. We express no opinion as to the potential defamatory meaning of any statement other than that alleged in the complaint. We further note that a qualified privilege protects certain individuals from civil liability arising from reports of child abuse that are based on reasonable cause and made in good faith (see Social Services Law § 419; Blondo v Ossining Union Free School Dist., 66 AD3d 725 [2009]).
In sum, in the context of this CPLR 3211 (a) (7) motion, in which we determine only whether the allegations state a cognizable cause of action, we cannot say that the plaintiffs allegations failed to state a cause of action to recover damages for slander per se. Skelos, J.P., Balkin and Leventhal, JJ., concur.