In an action, inter alia, to recover damages for defamation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated December 24, 2012, as granted that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint is denied.
The plaintiff commenced this action to recover damages for defamation, alleging, inter alia, that the defendants had published an article in the defendant Hudson Valley News falsely accusing him of having physically attacked, threatened, and harassed the defendant James K. Langan, the alleged Executive Editor of the Hudson Valley News. In the order appealed from the Supreme Court granted that branch of the defendants’ motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7).
In deciding a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), the court must “accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d 83, 87-88 [1994]).
“The elements of a cause of action [to recover damages] for defamation are a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se” (Epifani v John *914 son, 65 AD3d 224, 233 [2009] [internal quotation marks omitted]; see Knutt v Metro Intl., S.A., 91 AD3d 915, 916 [2012]). “A defamatory statement is libelous per se if the statement ‘tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society’ ” (Matovcik v Times Beacon Record Newspapers, 46 AD3d 636, 637 [2007], quoting Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, 379 [1977], cert denied 434 US 969 [1977] [internal quotation marks omitted]).
Here, accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d at 87-88), the complaint sufficiently stated a cause of action to recover damages for libel per se (see Knutt v Metro Intl., S.A., 91 AD3d at 916-917; cf. Zetes v Stephens, 108 AD3d 1014, 1018 [2013]). Accordingly, the Supreme Court should have denied that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint. Rivera, J.P, Leventhal, Austin and Roman, JJ., concur.