■ JASON COHEN et al., Respondents, v NATIONAL GRID USA et al., Appellants. [36 NYS3d 686]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from (1) so much of an order of the Supreme Court, Nassau County (DeStefano, J.), entered January 14, 2014, as denied those branches of their motion which were for summary judgment dismissing the first and third through ninth causes of action in the second amended complaint and granted those branches of the plaintiffs' cross motion were for summary judgment on those causes of action, and (2) a judgment of the same court entered March 18, 2014, which, upon the order, is in favor of the plaintiffs and against them.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, those branches of the defendants' motion which were for summary judgment dismissing the first and third through ninth causes of action in the second amended complaint are granted, those branches of the plaintiffs' cross motion which were for summary judgment on those causes of action are denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendants.

Each of the plaintiffs was a management employee of KeySpan Communications Corp. (hereinafter KeySpan Communications), which was a wholly-owned subsidiary of the defendant KeySpan Corp. (hereinafter KeySpan). In 2007, KeySpan issued an employment policy entitled "2007 Management Change of Control Severance Plan" (hereinafter the 2007 Severance Plan), which provided that in the event of a "Change of Control" as defined by another plan, "severance pay will be provided to all management employees if terminated without cause." The definition of "Change of Control" included the merger of KeySpan with another corporation.

In August 2007, KeySpan merged with National Grid USA. On July 28, 2008, KeySpan Communications was sold to Light Tower Fiber, LLC (hereinafter Light Tower). The purchase agreement regarding this sale provided that for at least one year immediately following the sale, Light Tower and its affiliates would provide each former employee of KeySpan Communications who continued to be employed by Light Tower: (1) a base salary no less than he or she had received before the sale; (2) a position at the same location at which he or she had worked prior to the sale; (3) employee benefits (other than benefits under a defined benefit pension plan) that were substantially similar to those provided to him or her prior to the sale; and (4) severance benefits that were no less favorable than the benefits provided for in the 2007 Severance Plan.

Although all of the plaintiffs became employees of Light Tower pursuant to the purchase agreement, the plaintiffs subsequently commenced this action alleging that they were entitled to severance pay pursuant to the 2007 Severance Plan as a result of both the August 2007 merger of KeySpan and National Grid and the July 2008 sale of KeySpan Communications to Light Tower. The defendants now appeal from so much of an order entered January 14, 2014, as denied those branches of their motion which were for summary judgment dismissing the first and third through ninth causes of action in the second amended complaint, and granted those branches of the plaintiffs' cross motion which were for summary judgment on those causes of action. The defendants also appeal from a judgment which, upon the order, is in favor of the plaintiffs and against them.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are

brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Provisions contained in company policy manuals which, like the one in this case, can be amended or withdrawn unilaterally, do not constitute enforceable obligations owing from an employer to its employees absent a showing of a regular practice by the employer to provide the benefits now claimed, the employee's knowledge of the practice, and his or her reliance upon such practice as evidenced by accepting or continuing employment as a result thereof (*see Cohen v National Grid USA*, 89 AD3d 1051, 1052 [2011]; *Skarren v Household Fin. Corp.*, 296 AD2d 488, 490 [2002]; *Gallagher v Ashland Oil*, 183 AD2d 1033, 1034 [1992]). Here, in support of their motion, the defendants established, prima facie, that they did not have a regular practice of providing severance payments under the 2007 Severance Plan, and that even if they had such a practice, the plaintiffs did not rely on any such practice in accepting or continuing their employment after the 2007 merger and the 2008 sale (*see Gallagher v Ashland Oil*, 183 AD2d at 1034). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the first and third through ninth causes of action in the second amended complaint. For the same reason, the Supreme Court should have denied those branches of the plaintiffs' cross motion which were for summary judgment on those causes of action. Rivera, J.P., Dickerson, Maltese and Barros, JJ., concur.