Town of N. Hempstead v County of Nassau (2018 NY Slip Op 04021)





Town of N. Hempstead v County of Nassau


2018 NY Slip Op 04021


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2016-11902
2017-00671
 (Index No. 2329/11)

[*1]Town of North Hempstead, appellant, 
v
County of Nassau, et al., respondents.


Elizabeth D. Botwin, Town Attorney, Manhasset, NY (Brittney C. Russell of counsel), for appellant.
Jared A. Kasschau, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for respondents County of Nassau and Office of the County Treasurer.
McGinity & McGinity, P.C., Garden City, NY (Leo F. McGinity, Jr., of counsel), for respondent William L. Edwards.



DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiff appeals from (1) an amended order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered October 3, 2016, and (2) a judgment of the same court entered October 31, 2016. The amended order granted the motion of the defendant William L. Edwards, in effect, for declaratory relief in his favor, for summary judgment dismissing the remainder of the amended complaint, and for summary judgment on his counterclaim, and denied the plaintiff's cross motion for summary judgment on the first cause of action in the amended complaint and, in effect, for summary judgment dismissing the counterclaim of the defendant William L. Edwards. The judgment, upon the amended order, is in favor of the defendants and against the plaintiff dismissing the amended complaint, and is in favor of the defendant William L. Edwards and against the plaintiff on that defendant's counterclaim in the total sum of $313,314.13.
ORDERED that the appeal from the amended order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the motion of the defendant William L. Edwards, in effect, for declaratory relief in his favor, for summary judgment dismissing the remainder of the amended complaint, and for summary judgment on his counterclaim is denied, the amended complaint is reinstated, the plaintiff's cross motion for summary judgment on the first cause of action in the amended complaint and, in effect, for summary judgment dismissing the counterclaim of the defendant William L. Edwards is granted, the amended order is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment, inter alia, declaring that the subject liens are null and void; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2005, a nonparty conveyed certain real property (hereinafter the subject property) to the plaintiff, Town of North Hempstead, for use as a public park. It is undisputed that the subject property has been used since that time as a park. The Town failed to record the 2005 deed until December 2008. In 2009, the defendant William L. Edwards purchased tax liens on the subject property (hereinafter the subject liens) from the defendant County of Nassau. The subject liens had been issued for unpaid local taxes that had purportedly accrued on the subject property in 2007 and 2008.
Subsequently, the Town commenced this action. In the first cause of action asserted in the amended complaint, the Town sought, in effect, among other relief, a judgment declaring that the subject liens were null and void because they were based on taxes that had been assessed in violation of Real Property Tax Law § 406(1), which exempts from taxation land that was owned by a municipality and used for a public purpose. In an answer to the Town's amended complaint, Edwards asserted a counterclaim for a money judgment in the amount of the tax liens that he had purchased.
Edwards subsequently moved, in effect, for declaratory relief in his favor, for summary judgment dismissing the remainder of the amended complaint, and for summary judgment on his counterclaim. The Town cross-moved for summary judgment on the first cause of action asserted in the amended complaint and, in effect, for summary judgment dismissing Edwards's counterclaim. The County opposed the Town's cross motion.
In an amended order entered October 3, 2016, the Supreme Court granted Edwards's motion and denied the Town's cross motion. The court subsequently entered a judgment which, upon the amended order, is in favor of the defendants and against the Town dismissing the amended complaint, and is in favor of Edwards and against the Town on Edwards's counterclaim in the total sum of $313,314.13. The Town appeals from the amended order and the judgment.
The appeal from the amended order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the amended order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The New York State Legislature has declared that "[a]ll real property within the state shall be subject to real property taxation . . . unless exempt therefrom by law" (RPTL 300; see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194, 201). "Tax exclusions are never presumed or preferred and before [a party] may have the benefit of them, the burden rests on it to establish that the item comes within the language of the exclusion" (Matter of Mobil Oil Corp. v Finance Adm'r of City of N.Y., 58 NY2d 95, 99).
Here, the Town relies upon section 406 of the Real Property Tax Law. That section provides, with limited exceptions not applicable to this appeal, that "[r]eal property owned by a municipal corporation within its corporate limits held for a public use shall be exempt from taxation and exempt from special ad valorem levies and special assessments" (RPTL 406[1]; see Town of Harrison v County of Westchester, 13 NY2d 258, 263; Matter of County Tennis Club of Westchester v Office of Assessor for Vil. of Scarsdale, 261 AD2d 616, 617).
"Although what comprises a public use' within the meaning of the statute has never been defined with exactitude' and must necessarily depend upon the peculiar circumstances of each case', it has been said . . . that [h]eld for a public use, in this connection, means that the property should be occupied, employed, or availed of, by and for the benefit of the community at large, and implies a possession, occupation and enjoyment by the public, or by public agencies'" (Town of Harrison v County of Westchester, 13 NY2d at 263, quoting County of Herkimer v Village of Herkimer, 251 App Div 126, 128, affd 279 NY 560).
Here, in support of its cross motion, the Town submitted, inter alia, the 2005 deed conveying the subject property to the Town to be used for park purposes. The 2005 deed reflected that the subject premises were located within the Town, and that the Town had previously "accepted the dedication of the Premises." The Town's submissions demonstrated that the subject property was exempt from taxation from the time of its conveyance to the Town in 2005, and that the subsequent tax liens issued by the County were therefore "void ab initio" (Town of Brookhaven v Aronauer, 65 AD2d 570, 571). Accordingly, the Town established, prima facie, its entitlement to summary judgment on the first cause of action asserted in the amended complaint (see RPTL 406[1]; Town of Brookhaven v Aronauer, 65 AD2d at 570-571).
In opposition, Edwards and the County failed to raise a triable issue of fact. Contrary to Edwards's contention, "[t]he fact that the deed was not recorded was not sufficient evidence to overcome the presumption of delivery of the deed . . . since recording is not required in order to transfer title to real property" (Saline v Saline, 106 AD3d 1072, 1074; see Real Property Law § 291; see also M & T Real Estate Trust v Doyle, 20 NY3d 563, 568; Ten Eyck v Whitbeck, 156 NY 341, 352; Matter of Katz, 154 AD3d 687, 689). Edwards's further contention that the local taxes subsequently imposed on the subject property were nevertheless valid because the Town failed to comply with certain local laws governing exemptions is also without merit (see NY Const, art IX, § 2[c][ii][8]; Matter of Baldwin Union Free Sch. Dist. v County of Nassau, 22 NY3d 606, 624; Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d at 202). Edwards's remaining contentions with respect to the Town's first cause of action are either without merit or improperly raised for the first time on appeal.
Accordingly, the Supreme Court should have granted the Town's cross motion for summary judgment on the first cause of action asserted in the amended complaint and, in effect, for summary judgment dismissing Edwards's counterclaim. For the same reasons, the court should have denied those branches of Edwards's motion which were, in effect, for declaratory relief in his favor, for summary judgment dismissing the remainder of the first cause of action, and for summary judgment on his counterclaim (see generally Cohen v National Grid USA, 142 AD3d 574, 576).
Inasmuch as Edwards's submissions failed to establish, prima facie, his entitlement to judgment as a matter of law dismissing the remaining causes of action asserted in the amended complaint, the Supreme Court also should have denied those branches of his motion which were for summary judgment dismissing the second, third, and fourth causes of action in the amended complaint, regardless of the sufficiency of the Town's opposition papers with respect thereto (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment, inter alia, declaring that the subject liens are null and void (see Lanza v Wagner, 11 NY2d 317, 334).
RIVERA, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court